Margaret M. MAGUIRE et al., Plaintiffs,
and

Airline Stewards and Stewardesses Association, Local 550, Transport Workers Union of America, AFL–CIO, Intervening Plaintiff,

v.

TRANS WORLD AIRLINES, INC.,
Defendant.

No. 70 Civ. 3947.

United States District Court,
S. D. New York.

April 3, 1972.

Richard M. Moss and Gerald E. Paley, New York City, Gilbert Feldman, and Barbara J. Hillman, Chicago, Ill., for plaintiffs.

Poletti, Freidin Prashker, Feldman & Gartner, New York City, for defendant Trans World Airlines, Inc.; Robert L. Carter, New York City, of counsel.

METZNER, District Judge:

Plaintiffs request the court to determine that the claims set forth in the amended complaint may be maintained as class actions under Fed.R.Civ.P. 23.

The amended complaint, brought on behalf of female flight cabin attendants employed by defendant TWA, seeks class action relief for alleged violations of the Equal Pay Act of 1963 (29 U.S.C. § 206 (d)) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).

The action under the Equal Pay Act alleges that defendant has discriminated against the class by wage differentials based on sex. 29 U.S.C. § 216(b) provides the remedy for such a claim. It states that:

> "Action to recover such liability may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

 It is clear that this is a class action created by statute independent of and unrelated to the class actions covered by Rule 23. Clougherty v. James Vernor Co., 187 F.2d 288, 290 (6th Cir. 1951); Smith v. Stark Trucking Co., 53 F.Supp. 826, 828 (N.D.Ohio 1943); Lofther v. First Nat. Bank of Chicago, 45 F.Supp. 986 (N.D.Ill.1941). There is no need to show compliance with the requirements of Rule 23(a) and (b) in order to maintain this action. There need only be compliance with § 216(b), and plaintiffs recognize this by the allegations of paragraph 2 in the amended complaint. There are no procedures for the court to direct notice to the class, or for members to "opt out," or for making the judgment binding on the class. Rule 23(c) (2).

 On the other hand, in order to participate in a class action to recover for violations of the Equal Pay Act, a person must affirmatively join the action as a named party plaintiff at the institution of suit or give his consent to a named plaintiff to be joined in the complaint and thereby be bound by the judgment. Pentland v. Dravo Corp., 152 F.2d 851 (3d Cir. 1945); Smith v. Stark Trucking Co., supra. Consequently, leave of court is not necessary for an action to proceed as a class action to recover for alleged violations of the Equal Pay Act.

██ We come then to the claim for relief on behalf of the class for alleged violations of Title VII of the Civil Rights Act. The Act does not have any special provisions for class actions and therefore a motion pursuant to Rule 23 is necessary.

The papers submitted in opposition to the motion are predicated, in the main, on the contention that the facts do not justify plaintiffs' claim for relief. This is not a motion for summary judgment and the court does not pass upon the merits in determining whether the action may be maintained as a class action. Mersay v. First Republic Corp., 43 F.R.D. 465 (S.D.N.Y.1968).

██ A question is raised as to the ability of Local 550 to adequately represent the class. Rule 23(a) (4). The union negotiated the labor contract on behalf of the employees with defendant. It may be that this could prove to be a handicap on the trial. However, the union was not an original plaintiff. It came into the lawsuit sometime later as an intervening plaintiff. This position cannot be used to prevent the original plaintiffs from asserting a right belonging to them. In addition, counsel for the moving plaintiffs are different and in-

dependent of counsel for the union, and they are the ones who seek this relief.

 A review of the papers indicates that the movants have satisfied all the requirements of Rule 23.

Proposed notices to be sent to the class have been submitted by the movants. In view of the decision on this motion, they do not represent the present status of the complaint. The defendant does not appear to have given any attention to them. Counsel are directed to confer on the form of notice to be mailed to the class and how this is to be accomplished.

Settle order in conformity with the above opinion.