Norman **HULL** and James Johnston, Individually, and on behalf of all other persons similarly situated, Plaintiffs,

v.

**CONTINENTAL OIL COMPANY,**
Defendant.

Civ. A. No. 72–H–1168.

United States District Court,
S. D. Texas,
Houston Division.

March 9, 1973.

Bernstein & Nelkin, Stuart Nelkin, Houston, Tex., for plaintiffs.

Tom Burton, T. D. Montgomery and W. E. Elliott, Houston, Tex., and Keith W. Blinn, Stamford, Conn., for defendant.

## MEMORANDUM AND ORDER:

SEALS, District Judge.

This is a suit for employment discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Jurisdiction is predicated upon 29 U.S.C. § 626(c) and 28 U.S.C. §§ 1337, 1343, 2201 and 2202. The Plaintiffs, two former employees of the Defendant Continental Oil Company [Conoco], seek injunctive relief from the alleged discriminatory practices, reinstatement, and back pay. The Plaintiffs also seek to maintain a class action on behalf of all other similarly situated Conoco employees whether presently employed or employed at a later date.

The case is now before the Court on the Plaintiffs' motion to maintain a class action and Defendant's motion to dismiss the class action. Section 7 of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), makes the procedures of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), applicable to age discrimination suits and directs that the Age Discrimination Act be enforced "in accordance with" the Fair Labor Standards Act. While the Fair Labor Standards Act authorizes "class actions" for its enforcement, it requires that no employee shall be a party plaintiff unless he gives his written consent and files it with the court in which the suit is brought. 29 U.S.C. § 216(b).

■ The cases interpreting § 216(b) of Title 29 have uniformly required the filing of such consents. See, Montalvo v. Tower Life Bldg., 426 F.2d 1135 (5th Cir. 1970). A person who does not file a consent can neither benefit from nor be bound by any judgment in the suit. Sims v. Parke Davis & Co., 334 F.Supp. 774 (D.Mich.1971). Some courts have even stated that this type action is not a "class action" within Rule 23, F.R.Civ. P., but is a form of permissive joinder. See, Fink v. Oliver Iron Mining Co., 65 F.Supp. 316 (D.Minn.1941) and Schime-

rowski v. Iowa Beef Packers, Inc., 196 N.W.2d 551 (Iowa 1972). This proposition was accepted in another form by the court in Maguire v. Trans World Airlines, Inc., 55 F.R.D. 48 (S.D.N.Y. 1972), when it held that a "class action" under the Fair Labor Standards Act is statutory and independent of class actions under Rule 23, and did not require leave of court as did actions under the rule to enforce class rights under Title VII, 42 U.S.C. § 2000e.

Those cases dealing specifically with age discrimination cited by both sides lend further support to Defendant's position. Plaintiffs' primary case is Bishop v. Jelleff, 4 F.E.P. Cases 1262 (D.D. C.1972). There the district court held that certain employees who had filed consents to sue or who did file them within forty-five days could properly maintain a class action under Rule 23, F.R.Civ.P. However, the so called "class" consisted of those who had or would authorize suit on their behalf.

■ The other cases cited by Plaintiffs are distinguishable as class action suits under the 1964 Civil Rights Act for racial discrimination in employment, e.g., Johnson v. Georgia Hwy Express, 417 F.2d 1122 (5th Cir. 1969); Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968). This is a suit under the Age Discrimination in Employment Act which establishes its own prerequisites to a "class action" independent of Rule 23. Maguire v. Trans World Airlines, supra. However, to maintain an age discrimination "class action" the Plaintiffs must file consents to sue by those persons whom they seek to represent. 29 U.S.C. §§ 216(b), 626(b). No such consents have been filed, although the suit was filed in August of 1972.

The Court concludes that while Rule 23 is inapplicable to this situation, the Plaintiffs have not met the consent requirements of 29 U.S.C. § 216(b) which are prerequisites to a class action under that section and under 29 U.S.C. § 626(b) for violations of 29 U.S.C. § 623.

Therefore, it is ordered that the Plaintiffs' motion to maintain a class action be, and the same is hereby, denied; and it is further ordered that Defendant's motion to dismiss the class action be, and the same is hereby, granted; and it is further ordered that this action proceed as an individual action on the part of the named Plaintiffs Norman Hull and James Johnston.