John **BLANKENSHIP**

v.

**RALSTON PURINA COMPANY.**

Civ. A. No. 18532.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 28, 1973.

**36**

Donald A. Weissman & Patrick M. Scanlon of Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., for plaintiff.

Arthur Gregory of McClain, Mellen, Bowling & Hickman, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Count I of plaintiff's complaint is a class action for compensatory and liquidated damages and for other relief resulting from alleged discriminatory employment practices by the defendant toward the plaintiff and the members of the plaintiff's purported class by reason of their age. Count II of the complaint sets forth an individual claim by plaintiff against the defendant for fraudulent misrepresentation and/or breach of oral contract. The defendant has moved the court for an order dismissing Count I on the basis that Rule 23, Fed.R. Civ.P. (the federal rule of procedure regulating class actions), is not applicable under the relevant federal statutes on which the claim in Count I is based and assuming the court finds Rule 23 to

be applicable, the plaintiff has failed to satisfy the requirements of said rule.

I. Applicability of Rule 23 to class actions under the Age Discrimination in Employment Act.

In Count I of the complaint the plaintiff contends that defendant engages in a broad practice of discriminating against the employment of people between the ages of 40 and 65. The plaintiff's claim arises pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 [hereinafter "ADEA"]. Section 7, *id.*, 29 U.S.C. § 626(b), states that the procedures for enforcement of the Fair Labor Standards Act shall be applicable to ADEA suits. Section 216(b), 29 U.S.C., of the Fair Labor Standards Act, provides that no employee shall be a party plaintiff to an action brought pursuant to its provisions unless the employee's written consent is given and filed with the court. Thus, the defendant contends that Rule 23 is inapplicable to ADEA suits and that if plaintiff wishes to represent a class each member thereof must give his written consent to the suit and file it with the court in accordance with 29 U.S.C. § 216(b).

In at least three reported cases in which the maintenance of a class action under the ADEA statute has been challenged the courts required the result which the defendant in this case is pursuing. In Hull v. Continental Oil Co., 58 F.R.D. 636 (S.D.Tex.1973), the court held that Rule 23 was inapplicable to ADEA actions. The court observed that "the Plaintiffs must file consents to sue by those persons whom they seek to represent. 29 U.S.C. §§ 216(b), 626(b)." In Bishop v. Jelleff Associates, Inc., 5 E.P.D. ¶ 7995 (D.D.C. 1972), the court apparently found that an ADEA action could be brought under Rule 23 but only after all members of the class filed consents to sue. The court also cited as its authority 29 U.S.C. §§ 626(b) and 216(b). In Price v. Maryland Casualty Co., 5 E.P.D. ¶ 7997

(S.D.Miss.1972), the court ruled simply that members of a class in an action brought under the federal age discrimination statutes must file their consents to sue pursuant to 29 U.S.C. §§ 626(b) and 216(b).

All of these cases rest on the proposition stated in *Hull, supra,* that:

"Section 7 of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), makes the procedures of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), applicable to age discrimination suits and directs that the Age Discrimination Act be enforced 'in accordance with' the Fair Labor Standards Act. While the Fair Labor Standards Act authorizes 'class actions' for its enforcement, it requires that no employee shall be a party plaintiff unless he gives his written consent and files it with the court in which the suit is brought. 29 U.S.C. § 216(b)."

The *Hull* case, however, presents an unduly narrow construction of the ADEA in view of the purposes which that legislation was designed to serve. The case rests on the proposition that class actions are not permitted in age discrimination cases except as to those persons who opt in as "party plaintiffs" to the action. The *Hull* court also stressed the interaction between the ADEA and the enforcement techniques of the Fair Labor Standards Act. Indeed, the court in Hull rested its decision on a number of cases arising under that Act. *Hull* expressly rejected any allusion to class action suits which arose under the 1964 Civil Rights Act. To this court it appears that *Hull's* reliance on the law surrounding the Fair Labor Standards Act was misplaced.

■■ The Fair Labor Standards Act was designed to correct poor working conditions. Section 16(b) of the Act, or 29 U.S.C. § 216(b), allows an employee to bring an action against his employer for himself and those of his fellow em-

ployees who are similarly situated (provided they file their consents to sue). The ADEA is directed against discriminatory hiring and promotion practices. While the ADEA directs that it is to be enforced "in accordance" with 29 U.S.C. § 216(b), a literal application of § 216(b) would preclude a person who never became an employee because of age discrimination on the part of an employer from bringing an action. Similarly, a reading of the term "party plaintiff" in the context of the filing requirement of § 216(b) so as to include all persons with the same grievance against an employer-defendant in a class action would seriously undermine the broad, remedial purposes of the ADEA. To remain consistent with these purposes it appears to the court that in the context of an ADEA class action, the filing requirement of § 216(b) is met when the representatives of the class file their consents. It does not appear either necessary or sensible to require the members of the class to so file.

The ADEA, enacted in 1967 for the express purpose of promoting "employment of older persons based on their ability rather than their age" and prohibiting "arbitrary age discrimination," 29 U.S.C. § 621, was established by Congress to prevent discrimination because of age, just as Title VII of the Civil Rights Act of 1964 was established to prevent discrimination because of race, color, religion, sex or national origin. Because both Acts are aimed at prohibiting similar forms of invidious discrimination they are very similar in their terms. The Fifth Circuit Court of Appeals has specifically noted this similarity. Hodgson v. First Fed. Sav. & Loan Ass'n, 455 F.2d 818, 820 (5th Cir. 1972).

Since Congress clearly defined its policy as remedial with respect to such social problems, the courts have generally looked to the Congressional intent behind the law rather than to procedural restrictions which might impair the law's effectiveness. Illustrative of such anal-

ysis is Woodford v. Kinney Shoe Corp., Civ. A. No. 16052 (N.D. Ga. decided Feb. 22, 1973). Ruling on the defendant's motion for summary judgment in that case, Judge Sidney Smith of this court stated:

"The Court of Appeals for this circuit has specifically noted the similarity between Title VII of the 1964 Civil Rights Act and the Age Discrimination Act. Hodgson v. First Fed. Sav. & L. Ass'n., 455 F.2d 818, 820 (5th Cir. 1972). The Age Discrimination Act is remedial and humanitarian in its nature as is Title VII. Courts construing Title VII's procedural limitations have been extremely reluctant to allow technicalities to bar claims brought under that statute. Limitations which would take away a right from one for whom the statute was enacted have been required to be express and not subject to varying interpretations. E. g., Pullen v. Otis Elevator Co., 292 F.Supp. 715, 717 (N.D. Ga.1968) (Edenfield, J.). In fact, courts confronted with procedural ambiguities in Title VII's statutory framework have with virtual unanimity resolved them in favor of the complaining party. Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970). In light of this well-established judicial approach to this type of legislation and the fact that written notice is not expressly required by the Act, this court holds that, although written notice may be desirable, the notice to the Secretary of Labor required by 29 U.S.C. § 626(d) need not necessarily be in writing."

The federal courts in particular have recognized that the Rule 23 class action is particularly adaptable to situations involving discrimination. In Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969), the court said:

"A suit for violation of Title VII is necessarily a class action as the evil sought to be ended is discrimination on the basis of a class characteristic,

*i. e.,* race, sex, religion or national origin. In our view, it is indistinguishable on this point from actions under Title II relating to discrimination in public accommodations. In Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 401–402, 88 S.Ct. 964, 19 L. Ed.2d 1263 (1968), the court held that since vindication of the public interest is dependent upon private suits, the suits are private in form only and a plaintiff who obtains an injunction does so 'as a "private attorney general", vindicating a policy that Congress considered of the highest priority.' " [416 F.2d at 719–720.]

*This Circuit has also recognized the class action as particularly adaptable to situations involving discrimination in employment. See* Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968). Such cases typically involve a policy of discrimination and not just an employer's treatment of one individual. Hence, where such a policy has been alleged in an age discrimination case it would seem that a class action remedy would be desirable. However, class actions arising out of age discrimination in employment are effectively eliminated by holding as the court did in *Hull, supra,* that Section 216(b) requires each member of the represented class to file a written consent as a condition of representation. Indeed, this would result in an impossibility in circumstances where the discrimination takes the form of denying a person employment because of age, since in most cases such a person may not be aware of the true motives of the prospective employer. *Compare* a non-age-discrimination case: Montalvo v. Tower Life Bldg., 426 F.2d 1135 (5th Cir. 1970). In a similar manner it would defeat the purpose of the ADEA to limit its use to "employees" since that would effectively preclude the use of Section 216(b) or indeed any other remedy of the Fair Labor Standards Act to a person who is discriminated against in applying for a job. Obviously such a construction is not in keeping with Congressional intent.

■ Rule 23 of the Federal Rules permits "one or more members of a class [to] sue as representative parties on behalf of all. . . ." In such circumstances it is typical for an action to be prosecuted in the name of one or more named plaintiffs who are thus the actual parties to the suit. Unlike former Rule 23, the acts of a class representative-party plaintiff bind all members of the class except those who expressly elect not to join the class. While only those persons named as party plaintiffs are plaintiffs, contrary to the circumstances recited in many of the Fair Labor Standards cases,[1] the course of the litigation and orders of the court are binding upon absent represented members of the class.

Section 216(b) states only that to be a "party plaintiff" a person must file in writing his or her consent to the lawsuit.[2] Contrary to the position taken

---

1. *See, e.g.,* Deley v. Atlantic Box & Lumber Corp., *infra* n.2, and cases cited therein.

2. In this regard it is interesting to note that all of the enforcement procedures of the Fair Labor Standards Act were not incorporated into the ADEA. One such provision is 29 U.S.C. § 256 [Portal-to-Portal Act] which establishes the timing for the effective joinder of any individual claimant in a class action instituted under the Fair Labor Standards Act. Enacted as an amendment to that law, § 256 provides quite explicitly that for purposes of class actions brought under the Fair Labor Standards Act, no person can be deemed a party plaintiff until a written consent to become such has been filed with the court. Apparently the amendment was required to clear the considerable confusion in the courts concerning the extent of a judgment rendered in a Fair Labor Standards case. In Deley v. Atlantic Box & Lumber Corp., 119 F.Supp. 727 (N.D.N.J.1954), the court explained: "After the Fair Labor Standards Act was adopted in 1938, 29 U.S. C.A. § 201 et seq., a host of so-called class actions were instituted to recover overtime, with certain employees bringing suit therefor 'in behalf of himself or themselves and other employees similarly situated,' exactly as

by the movant and the court in *Hull, supra,* this does not and should not operate to limit the ability of the named "party plaintiff" to represent a class of similarly situated individuals; nor should it call upon any members of the class not named as party plaintiffs to file their consents.

In Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969), the Court of Appeals was faced with an argument by Title VII defendants analogous to that made by the defendants here. There the court stated at page 720 of 416 F.2d:

"Colgate argues that the language of 42 U.S.C. § 2000e–5(e) requires that each person seeking recovery must first file a charge with the EEOC and then formally join in or institute suit for recovery. This is not required in order to serve the policy behind that section. The purpose of the section . . . is to provide for notice of the charged party and to bring to bear the voluntary compliance and conciliation function of the EEOC . . . . [A]nother important function of filing the charge is to permit the EEOC to determine whether the charge is adequate. Finally, the charge determines the scope of the alleged violation and thereby serves to narrow the issues for prompt adjudication and decision. [Citation omitted.]

"It is apparent that each of these purposes is served when any charge is filed and a proper suit follows which fairly asserts grievances common to the class to be afforded relief in this court."

■ In Oatis v. Crown Zellerbach Corp., *supra,* the Fifth Circuit held that it is not necessary for members of a class to bring a charge with the EEOC as a prerequisite to joining as co-plaintiffs in the litigation. "It is sufficient that they are in a class and assert the same or some of the issues." *Id.* at 499, of 398 F.2d. In *Oatis* the court was convinced that the purposes of Title VII could be effected and most practically advanced through the vehicle of a class action. Today this court is persuaded that the objectives of the ADEA statute can be served in a manner completely consistent with the design of § 216(b) through the utilization of a Rule 23,

Congress itself stated in the . . . statute. The essence and prime purpose of these actions were that one employee would seek to obtain the adjudication of his rights on behalf of all others similarly situated. The others would normally not be named, and the suit might well proceed to judgment on behalf of the single named party plaintiff, without the specific rights of the others ever being actually considered. Yet many courts held that a favorable judgment for the named employee plaintiff would be res judicata for all members of the class, and per contra, it has been held that a judgment for the employer would not bar actions thereafter by members of the class who were not parties in fact to the original suit. Further, it has been held that the filing of the complaint lifted the time bar of the statute of limitations not merely as to the party actually before the Court, but as to all members of the class. In addition, of course, in a complaint by employee A in behalf of all others similarly situated, as well as himself, the defendant never knew what other members of the class were going to participate in the action in fact, and might therefore well be surprised at trial by such testimony, at least in the absence of an unusually thorough pre-trial. Indeed it has also been held that unknown members of a class could intervene even after trial. 3 Moore's Federal Practice, pages 3465, 3456, 3476 (2d Ed. 1948). Faced with this situation, imposing such a hardship on defendant employers, the Congress enacted the Portal-to-Portal Act of 1947 . . . . The object of . . . [the Portal-to-Portal Act] . . . therefore clearly was to make these uncertain plaintiffs certain, and actual participants, so that defendants could know the parties and the charges with which they were to be faced."

The limitations of 29 U.S.C. § 256 were not incorporated in the ADEA. Instead, that law is to be "enforced in accordance with the powers, remedies, and procedures" of Section 16 of the Fair Labor Standards Act. One of those "powers, remedies and procedures" is to bring an action by "any one or more employees for . . . himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).

Fed.R.Civ.P., class action. The following guidelines, similar to those stated by the Fifth Circuit in *Oatis*, shall serve as the limitations for such an action:

(1) The class action must meet the requirements of Rule 23(a) and (b)(2);[3]

(2) The issues raised by the "party plaintiff" or the class representative in such a class action are those issues that he has standing to raise (*i.e.*, those issues as to which he is aggrieved, *see* 29 U.-S.C. § 626(c)) and that he has raised in the charge filed with the Secretary of Labor pursuant to 29 U.S.C. § 626(d); and

(3) Class members need not file consents to sue under 29 U.S.C. § 216(b) provided that their grievances fall within the charges filed by the party plaintiff.[4]

Accordingly, the defendant's motion, inasmuch as it seeks the dismissal of Count I on the basis that it pursues an improper remedy in Rule 23 is denied. At this point in the proceedings, it appears to the court that the plaintiff's allegations state a claim under the ADEA and sufficiently identify a class of persons aggrieved within the terms of that claim. The court will now turn to the defendant's objections concerning the qualification of plaintiff and his class under Rule 23.

II. Qualification of the plaintiff and the class under Rule 23.

The defendant contends that if a class action could be maintained under the ADEA statute, the plaintiff has nonetheless failed to establish the necessary elements of Rule 23. The defendant maintains

(1) the class is not so numerous that joinder of all members is impractical;

(2) there are few, if any, common questions of law or fact; and

(3) the claims of the representative parties are not typical of the class.

The defendant's first contention depends on 29 U.S.C. § 626(d)(1). That section provides that an individual may not maintain an action under the ADEA unless, within 180 days of the alleged wrong, he has filed a notice of intent to sue with the Secretary of Labor. After filing the notice, the individual must wait 60 days before commencing a civil action. The defendant suggests that this provision requires that all members of a purported class in an ADEA action must file with the Secretary of Labor their own notices of intent to sue. Since the named plaintiff and apparently only two other members of the purported class have filed such notices the defense maintains that joinder is not

---

3. Rule 23(a) provides: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Rule 23(b) provides: "An action may be maintained as a class action if the prerequi-sites of subdivision (a) are satisfied, and in addition: . . . (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . . . "

4. These restrictions match the limits which the Fifth Circuit drew around Title VII class actions in *Oatis, supra*.

impractical and hence the case may not continue as a class action.[5] The court, however, does not read the provision so narrowly.

■ The purpose of 29 U.S.C. § 626(d)(1) is to afford the Secretary the first opportunity to eliminate unlawful practices through informal methods of conciliation, conference and persuasion. 1967 U.S.Code Cong. & Admin.News, pp. 2218, 2224–2225. The notice requirement of § 626(d)(1) serves a purpose very similar to the notice provisions of Title VII. In the *Bowe* and *Oatis* cases, discussed *supra*, the courts held that the notice provision of 42 U.S. C. § 2000e–5 was satisfied "when any charge is filed and a proper suit follows which fairly asserts grievances common to the class to be afforded relief . . . ." Bowe v. Colgate-Palmolive Co., 416 F.2d at 720. In view of the similarity in both the objectives of the ADEA and Title VII and the purposes served by the notice requirements in each of the statutes, this court can find no compelling reason to depart from the reasoning of *Bowe*. *See also* Oatis v. Crown Zellerbach Corp., *supra*. Thus, where an individual has timely filed notice with the Secretary of Labor in accordance with 29 U.S.C. § 626(d)(1) and thereafter seeks to maintain a class action on behalf of all others similarly situated to himself, the members of the alleged class need not file with the Secretary since they would have been aggrieved by the same discriminatory actions as those practiced upon the class representative.[6]

The defendant next contends that there are few, if any, common questions of law or fact to the purported class members. The defendant maintains that this case merely involves certain employees who were wrongfully released and hence can only be resolved through an examination of the particular circumstances surrounding each such employee's release. The defendant has missed the thrust of plaintiff's class action allegations. The plaintiff attacks an alleged company-wide hiring policy which purportedly discriminates against any job applicant with the defendant between the ages of 40 and 65. How, when, and where each member of the class was refused employment with the defendant is not really in issue. The question presented in a class action of this sort is that of whether the evidence on the whole will demonstrate a broad policy of discrimination. *See* Bishop v. Jelleff Associates, Inc., 5 E.P.D. ¶ 7995 (D.D.C.1972).

Finally, the defendant contends that plaintiff's case is distinguishable from the claims which he now makes on behalf of the class he seeks to represent. Defendant contends that it hired plaintiff when he was 49 years old. Defendant also states that it offered the plaintiff a position prior to the commencement of this lawsuit. Both of these contentions lack merit.

---

5. The defendant does not suggest that the class as alleged is so small as to require joinder. The defendant merely contends that each member of the class must file a timely notice to sue with the Secretary of Labor.

6. *Cf.* Gebhard v. GAF Corp., 59 F.R.D. 504 (D.D.C.1973), where the court denied a petition to intervene in an ADEA class action where the petitioner had filed the requisite notice with the Secretary of Labor but none of the class representatives had. The court had already denied class action status to the suit on a number of grounds, one of which was the failure of the class representatives to file their notice of intent to sue. The court characterized the notice requirement as a jurisdictional hurdle for the class which, if intervention had been granted, would have been cleared. The court denied the motion since its primary effect would be to "'breathe life into a non existence suit.'" The inference in the decision seems clearly that only one member in an ADEA class action need file in accordance with 29 U.S.C. § 626(d)(1).

It is the plaintiff's position that after the defendant disbanded the section in which he was working, the defendant refused to hire or reassign him to another position within the company solely because of his age. In this respect the plaintiff falls well within the class which he seeks to represent. Moreover, since the plaintiff here asserts claims which apparently have a far broader reach than his individual claim, the mere fact that he was eventually offered a position with the defendant will not serve to deny class action status to this suit. *See* Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968).

For the foregoing reasons the court finds that the plaintiff may maintain a class action under the ADEA and that, for the present, the pertinent requirements of Rule 23 have been met. This order, however, is not final. The court maintains reservations concerning the manageability of this suit as a class action. In this regard the court expects the parties to utilize the time prior to the pre-trial conference in this case to discover and develop the facts surrounding the alleged broad discriminatory practices of the defendant, how such practices were uniformly applied against the purported class and the approximate number of persons in the class. As the court stated, *supra*, only those persons with a grievance similar to that of plaintiff will be represented in this action. If the defendant can demonstrate that the persons who plaintiff seeks to represent are unable to complain of age discrimination or that for some other reason the plaintiff, the class, or both do not qualify under Rule 23, Fed.R.Civ.P., the defendant may reassert its motion. At this time, however, the defendant's motion to dismiss Count I of the complaint is denied.

It is so ordered.