Francis E. LACHAPELLE, Individually and on behalf of all others similarly situated, Plaintiff,

v.

OWENS–ILLINOIS, INC., Defendant.

Civ. A. No. C 74–1280 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 4, 1974.

———————◆———————

E. Lee Redfern, Redfern, Butler & Morgan, Atlanta, Ga., for plaintiff.

Lloyd Sutter, O'Callaghan, Saunders, Sutter & Stumm, Atlanta, Ga., for defendant.

## ORDER

**JAMES C. HILL, District Judge.**

This action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. Secs. 621–634 (hereinafter "ADEA"). Count I of the plaintiff's complaint is an individual claim. In Count II, plaintiff seeks to proceed on a class basis. Presently before the Court is defendant's motion to dismiss the class aspects of the case for failure of the alleged class members to file with the Court written consents indicating their desire to be parties to the action.

In support of its motion, defendant offers a two-pronged argument. Firstly, plaintiff asserts that Fed.R.Civ.P. 23 does not apply to an action brought under the ADEA. The basis for this contention is found in that section of the Act, 29 U.S.C. Sec. 626(b), which provides that "The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title . . ." Title 29 U.S.C. Sec. 216(b) provides that an action may be maintained by one or more employees for and in behalf of himself or themselves, but no employee shall be a party unless he files a written consent with the Court.[1] It is defendant's position that Sec. 216(b) governs the procedure for an ADEA action, not Rule 23. Secondly, defendant argues that plaintiff does not satisfy Rule 23. The Court concludes that the first contention provides dispositive grounds for the present motion.

The Courts are not in agreement as to how Rule 23 relates to the ADEA. One view, apparently the majority view, is that all party plaintiffs in an ADEA action must file written consents with the Court, and thus comply with Sec. 216 (b). *See* Hull v. Continental Oil Company, 58 F.R.D. 636 (S.D.Tex.1973); Burgett v. Cudahy Company, 361 F. Supp. 617 (D.Kan.1973). The contrary view is that class members who are not class representatives do not have to file a written consent. *See* Blankenship v. Ralston Purina Company, 62 F.R.D. 35 (N.D.Ga.1973).[2]

Inasmuch as *Blankenship* is a decision of this District Court, recently decided and accompanied by an opinion exhibiting extensive research and consideration, the Court has considered it most carefully and with a strong tendency to reach the same result. However, in the view of this Court the clear, unambiguous provisions of the law itself demand to the contrary.

The judicial function is to interpret laws as laid down by Congress, subject to constitutional strictures. Achilli v. United States, 353 U.S. 373, 379, 77 S.Ct. 995, 1 L.Ed.2d 918 (1957). This does not mean the Courts are never to take some initiative. In these instances in which the Courts have jurisdiction and the duty to exercise that jurisdiction, "the

---

1. Title 29 U.S.C. Sec. 216(b) provides in part:

   "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one. or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

   \*　　\*　　\*　　\*　　\*

2. Although *Blankenship* was originally appealed, the parties subsequently obtained a dismissal before being heard by the Court of Appeals.

courts may fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage." Harris v. Nelson, 394 U.S. 286, 299, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969). In such instances, the Courts provide an essential and valid service by formulating a procedure consistent with the purposes of the law under consideration.

Therefore, in determining the relationship of Rule 23 to the ADEA, the place to begin is the Act itself. We must ascertain whether Congress provided, in the Act, the procedure to be followed, or left the Courts to their own devices. If the law clearly states what the legislative branch deems appropriate, then there is no room for the Courts to announce something different, whether or not it be arguably more appropriate.

Title 29 U.S.C. Sec. 626(b) provides that the ADEA *shall* be enforced in accordance with the powers, remedies, and procedures provided in 29 U.S.C. Sec. 216(b). More specifically, Sec. 626(b) provides:

> "The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title . . ."

Thus, on the face of the Act the enforcement procedures of Sec. 216 are specifically referenced and subsection (a) is specifically excepted, thus mandating inclusion of subsection (b). *Inclusio unius est exclusio alterius.* An inspection of Sec. 216(b) discloses that it does not merely guide us towards a solution of the question at bar; it *is* the solution—all party plaintiffs must file written consents.

Section 216(b) was enacted as part of the Fair Labor Standards Act of 1938. As originally enacted, the statute read:

> "(b) Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys's fee to be paid by the defendant, and costs of the action."

The Portal-to-Portal Act of 1947 amended Sec. 216(b). Specifically, the portion of the second sentence permitting an employee to designate an agent or representative to maintain an action was deleted and the written consent requirement (third sentence of the present Sec. 216(b)) was added.

The judicial treatment of Sec. 216(b) was in accord with the obvious legislative intent [3] behind the written consent requirement. One employee could not represent another unless the represented employee filed a written consent. Clougherty v. James Vernor Co. 187 F. 2d 288 (6th Cir. 1951), cert. denied, 342 U.S. 814, 72 S.Ct. 28, 96 L.Ed. 616

3. One Court has articulated the intent thusly: "The object of these provisions therefore clearly was to make these uncertain plaintiffs certain, and actual participants, so that defendants could know the parties and the charges with which they were to be faced." Deley v. Atlantic Box & Lumber Corp., 119 F.Supp. 727, 728 (D.N.J.1954). This Court thinks it likely that the written consent requirement was also intended to serve as a safeguard against uncertain plaintiffs, and resulting half-hearted litigation. A plaintiff really wishing to pursue an action would find the filing of a written consent a small obstacle.

(1951); Burrell v. La Follette Coach Lines, 97 F.Supp. 279 (E.D.Tenn.1951).

When Congress enacted the ADEA, the written consent requirement had been law for about twenty years, and, as just noted, the requirement had received judicial treatment. Hence, the framers of the ADEA had a clear opportunity to set forth the procedures to be followed in an ADEA action. The legislators could have specifically referenced Rule 23, or they could have said nothing, in which case Rule 23 would control. However, the framers referenced 29 U.S.C. Sec. 216(b). Presumably, they decided upon Sec. 216(b) after due and careful consideration, deliberation, and debate. Had the proponents of the Bill which became the ADEA insisted upon permitting a Rule 23 class action, this Court cannot know and ought not speculate upon, the fate of the Bill. It is sufficient that the Court apply the law as enacted.

It is also noteworthy what is said about Sec. 216(b) in the Advisory Committee's notes to the Federal Rules. The notes state that "The present provisions of 29 U.S.C. Sec. 216(b) are not intended to be affected by Rule 23, as amended." This statement lends further support to the Court's conclusion that Rule 23 cannot be utilized to avoid the written consent requirement of Sec. 216(b).

The procedures outlined in Sec. 216(b) do not preclude a class action. To the contrary, the subsection provides its own type of class action. Under Sec. 216(b) an action may be maintained in behalf of others similarly situated and reasonable attorneys' fees are available to a successful plaintiff. The gist of the difference between a Sec. 216(b) class action and a Rule 23 class action is that in the former, written consents to the action must be filed by all potential plaintiffs, whereas in a Rule 23 class action, a person must request exclusion or he will be bound. Rather than frustrating the Congressional intent, requiring the filing of written consents carries out the explicit

legislative directive found in Sec. 216(b), and it does not cripple efforts to attack age discrimination.

One other argument suggested by plaintiff has been considered carefully. In ADEA cases, a stated prerequisite to the bringing of suit is that the claiming party has given notice to the "Secretary of Labor", 29 U.S.C. Sec. 262(d). In Woodford v. Kenney Shoe Corp., 369 F. Supp. 911 (N.D.Ga., decided Feb. 22, 1973), Judge Sidney O. Smith of this Court held that such a notice need not necessarily be in writing, basing that decision on the remedial purposes of the Act here under consideration. In cases under Title VII of the Civil Rights Act of 1964, it is required that, before an aggrieved plaintiff may bring suit, he must have filed his complaint with the EEOC and must have obtained a letter from that agency granting plaintiff a "right to sue." In Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968), it was held that class action plaintiffs need not each have obtained such a "right to sue" letter where it appears that the representative of the class bringing the action has complied. Plaintiff urges an analogy between these notice requirements to the administrative agencies and the consent to be made a party-plaintiff requirements under Sec. 216(b). It is argued that the consent to be named as a party-plaintiff by the representative of the class ought to suffice for all of the class just as a "right to sue" from EEOC given to the class representative is sufficient for all of the members of the class. But this Court does not see the analogy. The obvious reason for the requirements that an aggrieved plaintiff first take up the matter with the administrative agency primarily charged with enforcement is to promote administrative termination of the discriminatory practice. In Title VII cases, the right to sue letter is issued, presumably, only after the agency has sought compliance from the offending party and has failed to obtain it. When the Court is assured that such an effort has been made, then

it may entertain the suit. In class actions, the asserted grievance is identical as to each and every member of the class. It would represent the height of futility to require that each member of the class bring that identical grievance to the attention of EEOC and that the agency repeat its unsuccessful effort to resolve the same issue administratively in countless separate transactions on behalf of each class member. Surely, Sec. 216 (b) requires something more than a showing that the named plaintiff has consented to the filing of the suit. He would not be the named plaintiff if he had not wanted to sue. The right to be a plaintiff or to refrain from being a plaintiff applies to each and every member of the proffered class. One may consent and the other may decline and the consent of one does not presume the consent of all. Whether or not a requirement that each separate member of the class give his written consent to be made a party will effectuate the beneficial purposes of ADEA as efficiently as would Rule 23 actions remains to be seen. As of now, it appears that the Congress has determined that such a procedure will be sufficient. Should it appear unduly burdensome, them presumably the Congress will remove that restriction.

In conclusion, the Court finds appropriate a statement by Justice Frankfurter:

"[I]n construing a definite procedural provision we do well to stick close to the text and not import argumentative qualifications from broad, unexpressed claims of policy." Utah Junk Co. v. Porter, 328 U.S. 39, 44, 66 S.Ct. 889, 892, 90 L.Ed. 1071 (1946).

In the instant case, the Court thinks it is faced with construing a "definite procedural provision." It is the Court's conclusion that the written consent requirement of Sec. 216(b) applies to all members of the class. Because plaintiff has not satisfied this requirement, defendant's motion to dismiss the class aspects of the case is, therefore, granted.

It is so ordered.