**Robert T. COOKE, etc.**

v.

**REYNOLDS METALS COMPANY.**

**Civ. A. No. 74-0390A-R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 2, 1975.

Robert P. Geary, Richmond, Va., for plaintiff.

Rosewell Page, III, W. Carter Younger, McGuire, Woods & Battle, Richmond, Va., for defendant.

MEMORANDUM

WARRINER, District Judge.

Plaintiff Robert T. Cooke brings this action under the Age Discrimination in

Employment Act (A.D.E.A.), 29 U.S.C.A. § 621 et seq., claiming that he was discharged from employment by the defendant solely on the basis of his age, in violation of 29 U.S.C. § 623(a)(1). Plaintiff seeks to sue on his own behalf, and "on behalf of all other persons similarly situated," pursuant to Rule 23, Fed.R.Civ.Proc.

Defendant Reynolds Metals Company has moved to dismiss this action as a class action on the ground that Rule 23 is inapplicable to suits filed under the A.D.E.A. Memoranda have been submitted by all named parties and the issue is now ready for resolution.

Section 7 of the A.D.E.A. 29 U.S.C.A. § 626(b) makes the procedures of Section 16(b) of the Fair Labor Standards Act (F.L.S.A.), 29 U.S.C. § 216(b) applicable to age discrimination suits and directs that the Age Discrimination Act be enforced "in accordance with" the Fair Labor Standards Act. While the F.L.S.A. authorizes "class actions" for its enforcement, it requires that no employee shall be a party plaintiff unless he gives his written consent and files it with the Court in which the suit is brought. 29 U.S.C. § 216(b).

■ The majority of cases interpreting § 216(b) of Title 29 have recognized that while the A.D.E.A. authorizes actions on behalf of persons similarly situated, use of Rule 23 is inappropriate because of the F.L.S.A. requirement of notice to the Secretary of Labor and its requirement that a consent be filed by each "similarly situated" party. Hull v. Continental Oil Co., 58 F.R.D. 636 (S.D. Tex.1973); Burgett v. Cudahy Co., 361 F.Supp. 617 (D.Kan.1973). In *Burgett*, the Court said:

> Section 216(b) is a class action provision created by statute, independent of and unrelated to the class action covered by Rule 23, F.R.Civ.P. [citing authorities]. There is no need to show compliance with the requirements of Rule 23(a) and (b), F.R.C.P., in order to maintain the action,

and there are no procedures for the Court to direct notice to the class, or for members to "opt out," or for making the judgment binding on the class. A party desiring to join the action merely gives his consent in writing and such consent is filed in the court in which the action is brought. Such party is thus joined in the action as a party-plaintiff. 361 F.Supp. at 622.

The above interpretation was reiterated in Maguire v. Trans World Airlines, Inc., 55 F.R.D. 48 (S.D.N.Y.1972), where it was held that a "class action" under the F.L.S.A. is statutory and independent of class actions under Rule 23.

Plaintiff contends however, that on the basis of Bishop v. Jelleff Assoc., Inc., 4 F.E.P. Cases 1262 (D.D.C.1972), class actions predicated on the A.D.E.A. are maintainable under either Rule 23, or the statutory grant of § 216(b). The plaintiff in that case was allowed to proceed with a Rule 23 class action filed under A.D.E.A. We believe *Bishop* is contrary to the weight of authority. See Sims v. Parke Davis & Co., 453 F.2d 1259 (6th Cir. 1971), cert. den. 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972), affirming, 334 F.Supp. 774 (E. D.Mich.1971).

In providing for statutory class actions § 216(b) of the F.L.S.A. requires that no employee shall be a party plaintiff unless he gives his written consent and files it with the court in which the action is brought. The cases interpreting § 216(b) have uniformly required the filing of such consents. See, Montalvo v. Tower Life Bldg., 426 F.2d 1135 (5th Cir. 1970). No such consents have yet been filed by those whom the plaintiff in this action purports to represent.

■■ The Court concludes that Rule 23 is inapplicable to this situation and that the purported class of plaintiffs have not met the consent requirements of 29 U.S.C. § 216(b) which are prerequisites to a class action under that section.

The Court reserves a ruling on whether additional plaintiffs, if any, who appear and file the required consent, must have served individual notice of their intent to sue with the Secretary of Labor pursuant to 29 U.S.C. § 626(d).

An appropriate order shall issue.