**Conde J. McGINLEY, Plaintiff,**

v.

**BURROUGHS CORPORATION, Defendant.**

**Civ. A. No. 74–108.**

United States District Court, E. D. Pennsylvania.

Dec. 18, 1975.

Lawrence D. Berger, Philadelphia, Pa., for plaintiff.

Carter R. Buller, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

This action arises out of the termination of plaintiff's employment and failure to recall by defendant. The plaintiff has filed an amended two count complaint, as a class action, alleging in Count I violations of the Age Discrimination in Employment Act (the "Act"), 29 U.S.C.A. § 621 *et seq.*, basing jurisdiction on 28 U.S.C. § 1331. In Count II, plaintiff alleges a breach of contract under Pennsylvania law, said to arise out of the same factual background as Count I, invoking this Court's diversity jurisdiction.

The defendant has moved to dismiss the complaint in its entirety—both individual causes of action and the class action. For the reasons hereinafter stated, we hold the following: (1) defendant's motion to dismiss plaintiff's unlawful discharge claim arising under the Age Discrimination Act is granted; (2) defendant's motion to dismiss plaintiff's refusal to hire claim arising under the Act is denied; (3) defendant's motion to dismiss plaintiff's breach of contract claim

is denied; and, (4) defendant's motion to dismiss plaintiff's Rule 23 class action claim is granted.

## I.

The allegations of the amended complaint are as follows:

Plaintiff commenced employment with the defendant at its Paoli office as a Contract Administrator. His duties involved the administration of contracts between the defendant and government agencies.

Plaintiff's employment was terminated on or about October 1971, while allegedly other Contract Administrators with less company seniority were not discharged or terminated. At the time of his termination, plaintiff was informed, by the defendant, that he would be placed on a recall list for a period of twenty-four months and that he would be considered for recall to work if openings recurred in his job classification. Further, plaintiff alleges that, in or about September 1973, he first learned that, in December 1972 or January 1973, defendant hired two or more young men (two of whom, specifically, were age 25 and 31) as Contract Administrators for work in defendant's Paoli, Pa. office and, in March 1973, defendant hired a young man (age 24) for the relevant position at Paoli and, at an unknown time, defendant transferred another individual to Paoli as a Contract Administrator. Plaintiff alleges the defendant did not advise plaintiff of the aforesaid personnel actions and, in fact, concealed the openings from the plaintiff.

The discharge and failure to recall plaintiff is alleged to be based on his age in violation of the Act; this contention comprises the first count of the amended complaint. Plaintiff seeks to maintain this cause of action under the Act as a class action under Rule 23 of the Federal Rules of Civil Procedure and he makes the appropriate allegations thereunder.

The complaint was filed on January 16, 1974 and the amended complaint was filed on November 4, 1974. Plaintiff alleges that he has satisfied all statutory prerequisites for filing this action under the Age Discrimination in Employment Act of 1967; i. e. plaintiff gave the Secretary of Labor and the Pennsylvania State Human Relations Commission at least sixty (60) days notice of his intent to file suit. The notices were filed with the respective agencies in October, 1973.

The second count states a breach of contract claim and is based upon the same allegations as count one.

## II.

The defendant has moved to dismiss both the individual and class aspects of Count I of the amended complaint for lack of jurisdiction over the subject matter, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and to dismiss Count II of the amended complaint for failure to state a claim upon which relief can be granted, under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## A.

Defendant sets forth the following reasons for dismissal of the individual action brought pursuant to the Act: (1) plaintiff failed to file charges of age discrimination with the Pennsylvania Human Relations Commission (the "Commission") within 90 days of the termination of his employment with the defendant, or within 90 days of the alleged refusal of defendant to recall plaintiff to employment in March, 1973; and (2) plaintiff failed to notify the Secretary of Labor or his designate of his intention to sue defendant within 300 days after the discriminatory practices alleged to be unlawful occurred.

The arguments of the defendant relate to certain statutory prerequisites to suit under the Act. Generally, the Act proscribes discrimination in employment against individuals at least forty years of age but less than sixty-five years of age, 29 U.S.C. §§ 623 and 633, and an aggrieved person may bring an action for relief under the Act. 29 U.S.C.

§ 626(c). As prerequisites to suit, 29 U.S.C. § 626(d) provides that:

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

In addition, 29 U.S.C. § 633 provides as follows:

(a) Nothing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any State action.

(b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated:

. . . If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

The Commonwealth of Pennsylvania has, by the Pennsylvania Human Relations Act, proscribed discrimination in employment based upon age[1]; and has created the Pennsylvania Human Relations Commission which can award an individual relief from such a discriminatory practice[2].

There is a time limitation for filing a complaint with the Commission. The statutory provision which governs the Commission's procedure, 43 P.S. § 959 (Supp.1975–1976), provides:

Any complaint filed pursuant to this section must be so filed within ninety days after the alleged act of discrimination. Any complaint may be withdrawn at any time by the party filing the complaint.

### B.

■ In response to plaintiff's original complaint, defendant had filed a motion for judgment on the pleadings accompanied by certain affidavits. Plaintiff requested an opportunity for relevant discovery on the issue of new hires during the recall period. Although the record does not reflect any formal discovery by the plaintiff, both parties have presented affidavits and we consider them on the present motion[3].

---

1. 43 P.S. § 952 et seq. (1955), *as amended* (Supp.1975–76).

2. 43 P.S. §§ 956, 959, 960 (1955), *as amended* (Supp.1975–76); 71 P.S. § 753–1 (Supp.1975–76).

3. Since defendant has moved to dismiss the complaint for lack of jurisdiction over the subject matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and this Court relies upon the affidavits submitted by

Defendant has presented the affidavit of a personnel manager at its Paoli office, and, with respect to hirings during the recall period, he states:

Burroughs did not hire any young men as contract administrators in December, 1971, or January, 1972. The only person entering the classification of Senior Contract Administrator during the winter of 1971–1972 was an employee of the defendant who was transferred from another department in March of 1972.

This statement is responsive to the plaintiff's allegations in the original complaint, but it is not responsive to the allegations of the amended complaint regarding alleged hirings in December 1972 and January and March of 1973.

Plaintiff has submitted the affidavit of an investigator of the Commission which states that plaintiff filed an age discrimination complaint against Burroughs on October 10, 1973, and that the Commission "assumed jurisdiction" of the complaint. The affiant investigated the complaint but was unable to secure conciliation or voluntary compliance by Burroughs. The affiant further states that, as of December 17, 1974, the investigation continued and plaintiff's case was open, active, and pending. The Court has not been advised of any change in the status of plaintiff's case before the Commission.

The complaint, which plaintiff filed with the Commission[4], charges age discrimination caused both by the lay-off on or about October 1, 1971 and the failure to rehire. Plaintiff also alleged that the discrimination was of a continuing nature which persisted up to the time he filed his complaint with the Commission.

### III.

#### A. Individual Action

■ Initially, we reject the argument that the amended complaint be dismissed for lack of an allegation of a timely filing with the Commission. We specifically note that plaintiff alleged in his complaint to the Commission that the unlawful discriminatory practice "took place on or about October 1, 1971" and "is of a continuing nature which has persisted up to and including the present time." Since the Commission affirmatively assumed jurisdiction over plaintiff's complaint on October 10, 1973, it is clear that the Commission concluded that the alleged act of discrimination was of a continuing nature. Great weight should be given to a state agency determination of its own jurisdiction, accordingly, we find that plaintiff has complied with the ninety day requirement of 43 P.S. § 959.

■ Defendant also contends that plaintiff has not met the jurisdictional requirement of the Act, 29 U.S.C. § 633(b), which bars a suit in federal court prior to the expiration of sixty days after proceedings have been commenced before a state authority. The Third Circuit has specifically held that section 633 of the Act requires an aggrieved individual to seek redress from an appropriate state agency at least sixty days prior to instituting suit in federal district court, and that this requirement is a jurisdictional prerequisite to the commencement of suit under the Act. *McGarvey v. Merck and Co., Inc.,* 493 F.2d 1401 (3d Cir. 1974); *Goger v. H. K. Porter Company, Inc.,* 492 F.2d 13 (3d Cir. 1974). The amended complaint and supporting affidavit establish that plaintiff commenced an action with the Commission on October 10, 1973. Plaintiff commenced the instant federal court suit on January 16, 1974. Clearly, the sixty day jurisdictional requirement of section 633(b) of the Act has been met in the instant action and we so hold.

■ With respect to defendant's argument that the plaintiff failed to notify

---

the parties, defendant's motion to dismiss is permissibly transformed into a speaking motion, rather than a motion for summary judgment. 2A Moore's Federal Practice ¶ 12.09[2], [3] (1968).

4. See Exhibit B attached to the defendant's motion to dismiss.

the Secretary of Labor of his intention to sue defendant within 300 days after the alleged unlawful practice occurred, we find that there has been compliance in part with the statute. This question, of course, is a matter of federal law and we do not rely upon the Pennsylvania Human Relations Commission's aforementioned determination of its state law jurisdiction. Initially, we are guided by the pertinent language of the Act contained at 29 U.S.C. § 623(a)(1):

It shall be unlawful for an employer —(1) *to fail or refuse to hire or to discharge* any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's age*; . . . [Emphasis added.]

■ Assuming, as we must, that plaintiff's factually well-pled allegations are true for the purpose of determining our jurisdiction and for the purpose of deciding the instant motion to dismiss, the essential facts in the instant case are the following: In October of 1971 as part of an overall reduction in force plaintiff was terminated. The decision to terminate plaintiff, rather than someone else, was based on a discrimination against plaintiff on account of his age. By reason of the fact that the defendant company placed him on a recall list for a two-year period, plaintiff had, at all times up to October of 1973, an application for re-employment. Nevertheless in December 1972 or January 1973, and in March 1973, the defendant company hired three men, younger than the plaintiff, to work in the position plaintiff had formerly held.

■ In his amended complaint plaintiff asserts two claims as giving rise to a violation of the Act; i. e. an unlawful discharge and a refusal to hire during the recall period. With respect to plaintiff's discharge claim, we find that plaintiff has not complied with the requirements of the Act. Plaintiff was terminated in October 1971 and his October 1973 notification to the Secretary of La-

bor is well beyond the 300 day requirement of 29 U.S.C. § 626(d)(2). Accordingly, defendant's motion to dismiss the amended complaint for lack of jurisdiction insofar as it relates to an alleged unlawful termination is granted.

■ With respect to plaintiff's claim which is grounded upon the alleged refusal to hire during the recall period, we find that plaintiff has complied with the requirements of the Act. We note that plaintiff has specifically alleged that three younger men were employed as Contract Administrators during the two year period he was on recall. Plaintiff has averred that these hirings, allegedly on account of age, occurred in December 1972 or January 1973 and March 1973. Plaintiff notified the Secretary of Labor of his intention to sue in October of 1973. Even if we were to assume that the 300 day requirement begins to run in December of 1972, the plaintiff has complied with 29 U.S.C. § 626(d)(2).

Further, there is one additional reason why we find that plaintiff has satisfied the requirements of 29 U.S.C. § 626(d)(2). Plaintiff alleges in his amended complaint that because the defendant willfully and fraudulently concealed the aforementioned hirings from him, he did not learn of their occurrence until September 1973. Assuming this allegation to be true, as we must, the 300 day requirement of the Act is satisfied and plaintiff's October 1973 notification to the Secretary of Labor is in compliance with 29 U.S.C. § 626(d)(2). We reach this conclusion because we note that the Third Circuit in another context has held that jurisdictional prerequisites were satisfied for equitable reasons, where an employee inadvertently failed to satisfy the letter of the statute. See *McGarvey v. Merck and Co., Inc., supra,* and *Goger v. H. K. Porter Company, Inc., supra.* Since plaintiff has specifically alleged that the defendant willfully concealed the hirings from him, in the present posture of this case, we need not decide whether such action tolls the running of the 300 day requirement, or in-

stead results in plaintiff's cause of action continuing up to the time of his discovery of the hirings. Suffice it to say, that on the basis of either theory we find that plaintiff has complied with 29 U.S.C. § 626(d)(2). Accordingly, defendant's motion to dismiss the amended complaint for lack of jurisdiction insofar as it relates to an alleged unlawful refusal to hire during the recall period is denied.

Turning to defendant's motion to dismiss Count II of the amended complaint which is based upon the breach of a contract, we note that plaintiff asserts the same two acts of the defendant as also giving rise to a violation of his contractual rights; namely, the unlawful discharge and the refusal to hire during the recall period.

With respect to plaintiff's discharge claim, defendant contends that since plaintiff has failed to allege any employment contract with defendant, plaintiff's employment was terminable at will by either party for any reason. Even if we assume that the employment situation before us is terminable at will, we find that the amended complaint does state a claim upon which relief can be granted. In essence, defendant's contention is that since an employer may discharge an employee for any reason or no reason, an employee may be discharged on account of age. We disagree.

At common law, a bargain is illegal if it violates statutory provisions or if it violates the law as developed by the courts for reasons of public policy. Restatement of the Law of Contracts § 512, Comment a. We note specifically that the Pennsylvania legislature has declared it to be against the public policy of Pennsylvania for an employer to discriminate on account of age. The legislature's declaration of policy in this area appears in the Pennsylvania Human Relations Act, at 43 P.S. § 952(b):

It is hereby declared to be the public policy of this Commonwealth to foster the employment of all individuals in accordance with their fullest capacities regardless of their race, color, religious creed, ancestry, handicap or disability, use of guide dogs because of blindness of the user, age, sex, or national origin, and to safeguard their right to obtain and hold employment without such discrimination, . . .

Accepting plaintiff's allegation that he was discharged by the defendant on account of age as being true, then clearly such action is illegal because it is contrary to the public policy of Pennsylvania. Any contract, including a contract at will, which is terminated for a reason contrary to the public policy of Pennsylvania gives rise to a claim for breach of contract. Cf. *Burne v. Franklin Life Insurance Co.*, 451 Pa. 218, 301 A.2d 799 (1973) and *W. J. McCahan Sugar Refining & Molasses Co. v. Stoffel*, 41 F.2d 651 (3d Cir. 1930). Accordingly, defendant's motion to dismiss the amended complaint for failure to state a claim in this regard is denied.

With respect to plaintiff's refusal to hire claim, we note that plaintiff has alleged that defendant breached both written and oral promises made to him. In order for plaintiff to recover on this claim, it will, of course, be necessary for him to establish the terms of the agreement between the parties. At this preliminary stage of the case, however, we find that plaintiff's allegations are sufficient to withstand the defendant's motion to dismiss for failure to state a claim. Accordingly, we hold that defendant's motion to dismiss the amended complaint in this regard is also denied.

*B. Class Action*

With respect to defendant's challenge to the instant suit being maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, we note that Section 7 of the Act, 29 U.S.C. § 626(b), makes the procedures of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) applicable to age discrimination suits and directs that the Age Discrimination Act be enforced "in accordance with" the Fair Labor Standards Act. While the Fair Labor Stan-

dards Act authorizes "class actions" for its enforcement, it requires that no employee shall be a party plaintiff unless he gives his written consent and files it with the court in which the suit is brought. 29 U.S.C. § 216(b).

The legislative history of the Age Discrimination Act clearly establishes that the Act is to be enforced in accordance with the procedures of the Fair Labor Standards Act. Congress at the time the Act was adopted was well aware of Rule 23 of the Federal Rules. If Congress had wished to adopt the Rule 23 enforcement technique for the Age Discrimination Act, it would not have explicitly stated that the Act was to be enforced in accordance with the Fair Labor Standards Act. Accordingly, we find that a class action under the Act is a statutory class action, independent of and unrelated to the class action covered by Rule 23 of the Federal Rules of Civil Procedure.

Plaintiff relies upon the case of *Blankenship v. Ralston Purina Co.,* 62 F.R.D. 35 (N.D.Ga.1973) wherein the court held that Rule 23 was an appropriate vehicle for a class action under the Act. However, this Court is not persuaded by the policy grounds stated by the court in *Blankenship* and instead we choose to rely upon the greater weight of authority and find Rule 23 to be inapplicable to age discrimination suits. See, e. g., *Cooke v. Reynolds Metals Co.,* 65 F.R.D. 539 (E.D.Va.1975); *Hull v. Continental Oil Co.,* 58 F.R.D. 636 (S.D.Tex. 1973); *Burgett v. Cudahy Co.,* 361 F.Supp. 617 (D.Kan.1973). Cf. *Pentland v. Dravo Corporation,* 152 F.2d 851 (3rd Cir. 1945). Moreover, we note that the Fifth Circuit has now impliedly overruled the district court's decision in *Blankenship* with the decision of *La Chappelle v. Owens-Illinois, Inc.,* 513 F.2d 286 (5th Cir. 1975); the decision below is reported at 10 F.E.P. Cases 459 (N.D.Ga.1974).

Plaintiff argues, in the alternative, that even if this Court were not to allow a Rule 23 class action, we should

still permit a Rule 23 type notice which would give the proposed class members the opportunity to "opt in" to the instant suit. We find, however, that adopting a portion of the procedures of Rule 23 in age discrimination suits is just as contrary to the Congressional intent expressed in the legislative history of the Act and Section 7 of the Act, 29 U.S.C. § 626(b), as adopting Rule 23 *en toto.* Accordingly, we deny leave to the plaintiff to maintain the instant suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and defendant's motion to dismiss in this regard is granted.