**Everett F. BURGETT et al., Plaintiffs,**

**v.**

**CUDAHY COMPANY, Defendant.**

**Civ. A. No. W–4765.**

United States District Court,
D. Kansas.

May 15, 1973.

Wilmer E. Goering, Wichita, Kan., David Egan, Peabody, Kan., for plaintiffs.

Thomas D. Kitch, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for defendant.

## ORDER OVERRULING DEFENDANT'S MOTION TO DISMISS

THEIS, District Judge.

This is an action for damages and to compel compliance with the recently enacted Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Plaintiffs Everett Burgett, C. K. Price, Philip G. Egan, and Art Walker, instituted the action on December 23, 1971, alleging that the defendant, Cudahy Company, had discriminatorily discharged them from its employ solely on the basis of their age. They subsequently amended their original complaint, and the action is presently being maintained in the name of plaintiff Burgett individually and as representative for the claims of the other three allegedly "similarly situated" plaintiffs.

The matter is now before the Court by motion of the defendant to dismiss the original and amended complaints insofar as they relate to the claims of Price, Egan and Walker. Specifically, the defendant asserts that their failure to comply with the administrative notice provisions established by 29 U.S.C. § 626(d) precludes them from seeking any relief under the Act and prohibits the maintenance of a representative suit brought on their behalf. There has been a paucity of litigation dealing with this newly enacted legislation, and the issue herein presented is one of first impression. After reviewing the pleadings and submitted exhibits, the Court makes the following findings and orders.

The salient facts are substantially not in dispute. The plaintiffs were discharged from their employment on or about the 6th day of June, 1970, pursuant to a managerial decision to reduce the manpower force of the Wichita, Kansas, Cudahy plant in anticipation of a future shutdown. At the time of discharge, each employee plaintiff was between the ages of sixty and sixty-five years and occupied a supervisory position. Each had been employed by Cudahy the majority of his adult life.

On June 18, 1970, the plaintiffs orally communicated the nature and suspected reasons for their discharges to the United States Department of Labor, Wage and Hour and Public Contract Division, Wichita, Kansas. Thereafter, on August 6, 1970, plaintiff Burgett's attorney sent a letter of complaint to the Regional Attorney for the Department of Labor, Kansas City, Missouri, and the Secretary of Labor. Burgett's attorney informed the Department of his understanding that the Wage and Hour Division in Wichita had made a finding of age discrimination practiced against Burgett by Cudahy. He explained the circumstances evidencing possible age discrimination and gave the Department notice of his client's intention to file suit against Cudahy if departmental action was not initiated. Although Burgett was the only employee mentioned by name, Price, Egan and Walker were alluded to as follows:

"The circumstances of [Burgett's] release *and of the other three gentlemen* at the same time strongly indicate discrimination. . . . The positions of Mr. Burgett *and the others* are still in existence and are currently being filled by younger men at lesser salaries. . . . In the event that the Department of Labor might elect not to proceed against Cudahy, this is to provide notice that *it is our intention to pursue a civil remedy* as provided by 'The Age Discrimination in Employment Act of 1967.' "

(Emphasis added.)

On or about the 12th day of October, 1970, the plaintiffs were rehired by Cudahy. Although they were all restored to the positions which they had occupied prior to being discharged, they were not compensated for the back wages which had not been received during their period of unemployment.

There was no further formal correspondence between any of the plaintiffs and the Department of Labor until April 7, 1971, at which time another attorney, representing all of the plaintiffs in conjunction with Burgett's attorney, sent a second letter to the Secretary of Labor and the Department's Regional Attorney. This letter inquired as to whether the first letter had satisifed the notice requirements of 29 U.S.C. § 626(d). The "other three gentlemen" referred to in the August letter were therein named, and it was requested that the second letter be accepted as notice that all of the named employees intended to file suit against Cudahy.

On April 12, 1971, the Regional Solicitor of the Department of Labor responded to the plaintiffs' second letter. The Solicitor expressed the opinion that the first letter had not constituted sufficient notice of intention to file suit except as to Burgett, who was specifically named therein. In response to the substantive

claim of age discrimination, the Solicitor expressed the following findings:

"Except for the claims of your clients, there was little evidence uncovered in the investigation which would appear to be of much help. Although evidence of a pattern of discrimination was sought from the company records which might supply corroboration for your clients' claims, no such pattern was found."

The Solicitor further stated that, although he was aware of the fact that all of the men had been reinstated to their prior positions with Cudahy, "the reinstatements were made, [Cudahy claimed] for reasons other than the demands of the Labor Department."

On December 23, 1971, this action was instituted by the filing of a complaint naming each of the four employees as party plaintiffs. The complaint alleged that the acts of discrimination were "continuing" in nature, and the plaintiffs each prayed for lost wages, merit raises, court costs, and any other relief deemed appropriate.

The defendant moved to dismiss the action on March 9, 1972, contending that the Court lacked subject matter jurisdiction due to the plaintiffs' failure to give the Department of Labor timely notice of their intentions to sue Cudahy as required by 29 U.S.C. § 626(d). Prior to the Court's ruling on Cudahy's motion, the plaintiffs amended their original complaint and reframed it as a representative suit by plaintiff Burgett, brought individually and on behalf of the other three allegedly "similarly situated" plaintiffs pursuant to 29 U.S.C. § 216(b), and Price, Egan and Walker filed written consents to be represented by Burgett. The defendant moves to dismiss the amended complaint insofar as it relates to the claims of Price, Egan and Walker.

A general over-view of the Age Discrimination in Employment Act's basic provisions serves as an instructive prelude to the resolution of the defendant's motion to dismiss. The Act was enacted in 1967 for the express purpose of promoting "employment of older persons on their ability rather than age," and prohibiting "arbitrary age discrimination." 29 U.S.C. § 621(b). The Act makes it unlawful for employers, employment agencies, and labor organizations to discriminate on the basis of age, the protected group being those persons between the ages of forty and sixty-five years. 29 U.S.C. § 621. With a few minor exceptions, the prohibitions of the statute are in terms identical to those of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., except that "age" has been substituted for "race, color, religion, sex, or national origin."

The primary responsibility for the enforcement of the Act is vested with the Secretary of Labor, who is empowered to undertake appropriate studies (§ 624), delegate responsibilities to other agencies (§ 625(a)), issue appropriate rules and regulations (§ 628), and make investigations (§ 626(a)). The Secretary is also authorized to bring actions to enforce the Act's provisions, thereby preempting an aggrieved individual's right to independently seek relief. 29 U.S.C. § 626(d). The Act provides, however, that before any action may be initiated by the Secretary, he must:

" . . . attempt to eliminate the discriminatory practice or practices alleged, and . . . effect voluntary compliance with the requirements of [the] chapter through informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(b).

In addition to granting the Secretary the authority to bring an action, the Act also provides that any individual covered by it who believes that he has been injured as the result of a prohibited practice may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of the Act. 29 U.S.C. § 626(c). It provides, however, that:

" . . . no civil action may be commenced by any individual under the

section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one-hundred and eighty days after the alleged unlawful practice occurred. . . ." (§ 626(d).)

The notice is not required to meet any formal specifications, as evidenced by the opinion letter of August 26, 1968, issued by the Wage and Hour Division of the Department of Labor, which states:

"No particular form is needed to notify the Secretary of Labor of an intent to file suit under the Age Discrimination in Employment Act. However, such notice should be provided in writing and properly addressed to the Department of Labor."

It must, however, contain the basic facts which will enable the Secretary to perform his functions. It should be provided in writing in a letter properly addressed to the Secretary; it should contain an identification of the parties involved; and it should include a general description of the alleged discriminatory action.

Upon receiving such notice, the Act directs the Secretary to notify the persons named as prospective defendants and seek the elimination of the alleged unlawful practice by informal means of conciliation. 29 U.S.C. § 626(d). In the event that conciliation fails to attain a satisfactory result, the Act provides that its provisions are to be enforced in accordance with the powers, remedies and procedures of "sections 211(b), 216 (except for subsection (a) thereof), and 217" of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (29 U.S.C. § 626(b)). By reference to section 6 of the Portal-to-Portal Act, 29 U.S.C., the Act provides for a two-year statute of limitations within which an action must be brought, unless the violation is willful in which case a three-year limitation is made applicable. 29 U.S.C. § 626 (e).

As is evident from the unambiguous language of the statute, the emphasis is on private settlement and the elimination of age discrimination without formal litigation. The purpose for requiring an individual to file notice of a violation prior to the commencement of an action is two-fold: first, it puts the Secretary of Labor on notice of possible violations of the Act so that he can investigate the claims in order to determine whether agency action should be taken; and second, it puts the alleged discriminator on notice that a complaint has been filed against him so that he can voluntarily rectify any discriminatory practice. It therefore serves to facilitate the avoidance of unnecessary and expensive litigation by encouraging voluntary compliance with the Act's provisions.

■ Addressing itself to the investigative and enforcement provisions of the original bill, the House Education and Labor Committee Report stated:

"It is intended that the responsibility for enforcement vested in the Secretary . . . be initially and exhaustively directed through informal methods of conciliation, conference, and persuasion and formal methods applied only in the ultimate sense. . . . A condition precedent to the bringing of action by an individual is notice to the Secretary. . . . This is to allow the Secretary to mediate the grievance. . . ." H.R. Rep.No.805, Cong., 1st Sess.1967, U.S. Code Cong. & Admin.News, p. 2218.

If this clearly expressed congressional intent is to be served, an aggrieved individual cannot be permitted to bypass the administrative step. The Secretary must be provided with notice of a violation and a reasonable length of time within which to seek the elimination of the discriminatory practices if he is to meaningfully exercise his conciliatory authority. Accordingly, the filing of a notice of intent to sue within one hundred and eighty days after a discriminatory act occurs and sixty days prior to the institution of an action, is a juris-

dictional prerequisite to the maintenance of an action under the Act. See Moses Grossfield v. W. B. Saunders Company, 1 E.P.D. ¶ 9941 (S.D.N.Y.1968). See generally, Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969).

Turning to the facts of this particular case, it is clear that plaintiff Burgett has fully complied with the notice filing provisions of the Act and that he is entitled to seek judicial relief thereunder, but he is not bringing this action solely in his individual capacity. Section 626(b) of the Act, 29 U.S.C., provides for enforcement in accordance with the powers, remedies and procedures of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Section 216(b) of that Act provides in pertinent part that:

> "Actions to recover . . . liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. . . ."

In his amended complaint, plaintiff Burgett accordingly seeks to bring this action as a representative suit in his behalf and in behalf of plaintiffs Price, Egan and Walker.

Section 216(b) is a class action provision created by statute, independent of and unrelated to the class action covered by Rule 23, F.R.Civ.P. See Pentland v. Dravo Corporation, 152 F.2d 851 (3d Cir. 1945); MaGuire v. Trans World Airlines, Inc., 55 F.R.D. 48 (S.D.N.Y.1972). There is no need to show compliance with the requirements of Rule 23(a) and (b), F.R.C.P., in order to maintain the action, and there are no procedures for the Court to direct notice to the class, or for members to "opt out," or for making the judgment binding on the class. A party desiring to join the action merely gives his consent in writing and such consent is filed in the court in which the action is brought. Such party is thus joined in the action as a party-plaintiff.

There is no question but that the plaintiffs are "similarly situated"

employees as contemplated by Section 216(b), 29 U.S.C., since: (1) they are all between the ages of sixty and sixty-five years; (2) they are all long-time supervisory personnel at Cudahy's Wichita, Kansas, plant; (3) they were all fired and rehired by Cudahy at approximately the same time and for ostensibly the same reasons; (4) they are all complaining of the same discriminatory behavior and concomitant injury; and (5) they are all seeking the same affirmative relief. See Wright v. U. S. Rubber Company, 69 F.Supp. 621 (S.D. Iowa 1946). Since Price, Egan and Walker have filed written consents to be represented by Burgett, compliance with Section 216(b) is complete.

In its motion to dismiss the plaintiffs' amended complaint, the defendant maintains that Section 216(b), 29 U.S.C., must be read in light of the other pertinent provisions of the Age Discrimination in Employment Act; in particular, Section 626(d), requiring each individual to provide the Secretary with notice of a violation prior to the institution of an action. Reading these provisions together, the defendant submits that each individual desiring to join in a representative suit under 29 U.S.C. § 216(b) must first fully comply with the Act's notice filing provisions; otherwise, the legislative intent to promote voluntary compliance with the Act's mandates will be emasculated.

Defendant contends that plaintiffs Price, Egan and Walker have not complied with Section 626(d), since: (1) Burgett's letter of August 26, 1970, did not mention them by name and therefore could not possibly have provided notice of their intentions to bring suits against Cudahy; and (2) the letter of April 7, 1971, although sufficiently imparting notice of their intentions to sue Cudahy, was untimely, since it was filed approximately ten months after the alleged unlawful acts occurred. It therefore concludes that Price, Egan and Walker are precluded from joining in the representative suit brought by plaintiff Burgett.

The Court agrees with the defendant's contention that plaintiffs Price, Egan and Walker did not individually comply with 29 U.S.C. § 626(d) in the strictest sense. It does not, however, agree that such technical failure, in and of itself, prevents them from joining in a representative suit brought in their behalf as "similarly situated" employees pursuant to 29 U.S.C. § 216(b).

There are no reported cases directly on point with the precise question herein raised, but authoritative guidance is provided by cases dealing with analogous provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Under that Act, an aggrieved individual is required to file a formal written charge with the Equal Employment Opportunity Commission prior to the maintenance of a private court action. 42 U.S.C. § 2000e–5(a). Such charge must be filed within ninety days after the alleged unlawful act occurs. 42 U.S.C. § 2000e–5(d). If the Commission is unable to obtain voluntary compliance with the Act's provisions, it is directed to notify the aggrieved individual, who then has thirty days within which to bring an action. 42 U.S.C. § 2000e–5(e).

Title VII does not authorize the maintenance of representative suits on behalf of "similarly situated" employees pursuant to 29 U.S.C. § 216(b), but individuals have consistently been permitted to bring class actions under Rule 23, F.R.C.P., assuming the necessary prerequisites have been satisifed. Since compliance with the Act's administrative provisions has been held to be a jurisdictional prerequisite to the maintenance of an action [Bowe v. Colgate-Palmolive Company, supra], the question has often arisen whether those members of the class who have not individually complied with the Act's administrative procedure should be allowed to join in the action.

The Court has found only one case in which it was held that each intervenor or member of a class is required to individually file a charge. In Burney v. North American Rockwell Corporation, 302 F.Supp. 86 (E.D.Cal.1969), three intervenors contended that jurisdiction was ancillary as to them and that each plaintiff need not satisfy the jurisdictional requirements. The Court, in an arguably restrictive interpretation of Oatis v. Crown Zellerbach Corporation, 398 F.2d 496 (5th Cir. 1968), limited the action to those parties who had individually filed charges with the Commission. The Court held that:

"Absent a showing of extenuating circumstances, if an individual could ignore the EEOC and permit the time periods to expire and could then come to court with his claim revived whenever another person brings an action raising similar questions of law or fact, it would nullify the requirements of the Act and frustrate the obvious intent of Congress that the issues be brought first to the EEOC and then to the courts without delay." (302 F. Supp. p. 92.)

A less restrictive, yet more pronounced limitation imposed on class members, occurs in those courts which allow non-filing members of a class to participate in a suit to the extent of seeking injunctive relief, but not to gain personal damages in the form of overtime pay or back wages. See Hall v. Werthan Bag Corporation, 251 F.Supp. 184 (M.D.Tenn.1966); King v. Georgia Power Company, 295 F.Supp. 943 (N.D. Ga.1968); and Austin v. Reynolds Metals Company, 327 F.Supp. 1145 (E.D. Va.1970). These courts have based their decisions either upon a strict application of the principle of exhaustion of administrative remedies or on an interpretation of Rule 23(b)(2), F.R.C.P., as authorizing only injunctive or declaratory relief.

The vast majority of courts, however, have not taken such a restrictive approach, but rather have allowed all of the class members to join in the action, regardless of their individual compliance with the Act's administrative provisions. See Oatis v. Crown Zellerbach Corpora-

tion, supra; Jenkins v. United Gas Corporation, 400 F.2d 28 (5th Cir. 1968); Bowe v. Colgate-Palmolive Company, supra; Robinson v. Lorillard Corporation, 444 F.2d 791 (4th Cir. 1971); Sprogis v. United Airlines, Inc., 444 F.2d 1194 (7th Cir. 1971); Gerstle v. Continental Airlines, Inc., 50 F.R.D. 213 (D.Colo. 1970), affirmed, 466 F.2d 1374 (10th Cir. 1972); McGriff v. A. O. Smith Corporation, 51 F.R.D. 479 (D.S.C.1971); Madlock v. Sardis Luggage Company, 302 F.Supp. 866 (N.D.Miss.1969), and DeFigueiredo v. Trans World Airlines, Inc., 322 F.Supp. 1384 (S.D.N.Y.1971).

This Court has previously held, in Amalgamated Meat Cutters & Butchers Workmen of North America, AFL–CIO, Local 340 et al. v. Safeway Stores, Inc., Case No. W–3915, decided February 4, 1972, published as 4 F.E.P. Cases 510, that in a class action for damages brought by a joint Union and certain individual plaintiffs as a class action on behalf of all women meat cutters alleging sex discrimination, that the class under Title VII of the Civil Rights Act and Rule 23(b)(2), F.R.C.P., included all women employees in all classifications, regardless of whether complaint of discrimination in a specific job classification had been previously made to the EEOC.

█ The latter decisions hereinbefore cited have limited the class members to raising those issues asserted by the nominal plaintiff in his charge before the Commission, so as to maintain the integrity of the administrative procedure mandated by Congress, but they have allowed the nonfiling members to seek any and all affirmative relief deemed appropriate to remedy the injuries suffered. By keeping the ultimate issues before the court within the periphery of those raised before the Commission, and by limiting the class to those who are in fact "similarly situated" to the nominal plaintiff, these decisions assure the continued effectiveness of the Commission's conciliatory functions and the Act's remedial policies.

As noted by the Seventh Circuit Court of Appeals in Bowe v. Colgate-Palmolive Company, supra, 416 F.2d at page 720:

"The clear purpose . . . is to bring an end to the proscribed discriminatory practices and to make whole in a pecuniary fashion, those who have suffered by it. . . . To require that each employee file a charge . . . and then join in the suit would have a deleterious effect on the purpose of the Act and impose an unnecessary hurdle to recovery for the wrong inflicted." See Oatis v. Crown Zellerbach Corporation, supra, 398 F.2d at p. 498.

The Court finds this reasoning persuasive and equally applicable to representative suits brought under the Age Discrimination in Employment Act.

As previously noted, the notice filing provision of the Act serves essentially two purposes: (1) it puts the Secretary of Labor and his authorized agents on notice of possible violations of the Act so that they can investigate the claims to determine whether violations have in fact occurred and, if so, to attempt to obtain voluntary compliance; and (2) it puts the alleged discriminator on notice that a complaint has been lodged against him and affords him an opportunity to voluntarily comply with the Act's mandates. If an individual properly complies with the Act's provisions and provides the Secretary with notice of a practice which either inherently discriminates against a class of individuals intended to be protected by the Act or allegedly has adversely affected a number of "similarly situated" employees, the purposes of the Act's notice filing provision are fulfilled. Both the Secretary and the alleged discriminator are put on notice that the complaint encompasses a pattern or practice of discrimination transcending an isolated individual claim, and they should act accordingly. To require each individual aggrieved party to file an essentially identical claim or notice would serve no useful

purpose other than the promotion of a futile charade.

As evidenced by the exhibits before the Court in this case, it is clear that plaintiff Burgett timely complied with the Act's administrative provisions by providing the Secretary of Labor with notice of a discriminatory practice allegedly affecting a number of "similarly situated" Cudahy employees; employees who, although not mentioned by name in Burgett's notice, had previously communicated with the local Wage and Hour Office and who, in fact, had participated in the Department of Labor's negotiations with Cudahy. Acting upon Burgett's notification, the Secretary investigated the facts in order to determine if a "pattern of discrimination" existed. After completing an investigation, the Secretary concluded that none of the plaintiffs had in fact been discriminatorily discharged. Although admittedly belated, plaintiffs Price, Egan and Walker filed a formal notice of their intention to sue Cudahy well before the institution of this action. They have since filed their written consents to be represented by Burgett pursuant to 29 U.S.C. § 216(b).

Under these circumstances, the Court is convinced that the Act's administrative procedure will not be emasculated by allowing Price, Egan and Walker to join in plaintiff Burgett's representative action as "similarly situated" employees. Any other result would constitute a meaningless and intolerable triumph of form over substance inimical to the Act's remedial function. Although the Court will keep the issues within the periphery of the discriminatory actions raised by Burgett, all of the plaintiffs will be afforded whatever relief that is necessary to effectuate the purposes of the Act, including:

"... judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed unpaid minimum wages or unpaid overtime compensation under [the Act]." 29 U.S.C. § 626(b).

It is therefore ordered that defendant's motion to dismiss the amended complaint insofar as it relates to the claims of plaintiffs Price, Egan and Walker be, and the same is hereby, overruled.