**Walter N. OSHIRO, Plaintiff,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Defendant.**

**Civ. No. 73-3901.**

United States District Court, D. Hawaii.

July 16, 1974.

Benjamin M. Matsubara, Frank D. Padgett, Honolulu, Hawaii, for plaintiff.

Jared H. Jossem, Torkildson, Katz & Conahan, Honolulu, Hawaii, for defendant.

### DECISION ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT BY JOINING NEW PARTIES-PLAINTIFF

PENCE, Chief Judge.

On August 22, 1973, plaintiff filed this complaint, alleging that he was discharged by defendant on January 31, 1973 because he was past the age of forty, in violation of 29 U.S.C. § 623(a)(1). Plaintiff asserted that he had complied with the requirements of 29 U.S.C. § 626(d).[1] By pretrial order of January 3, 1974, plaintiff was directed to be basically prepared to proceed to trial by April 16, 1974.

On March 13, 1974, plaintiff filed the instant motion for leave to amend. What plaintiff's attorney proposes to do by the amended complaint is to add five more parties-plaintiff who were "former employees of the supervisory level" of the defendant and "similarly situated" to the plaintiff, in that each was be-

tween 40 and 60 years of age when dismissed and each had been employed by the defendant for a majority of his adult life. Plaintiff's attorney alleged that it was in the course of discovery that the five "similarly situated employees" became known.

Although plaintiff's counsel urges that the claims of the five additional plaintiffs seek the same relief as plaintiff, that the amendment will not result in undue prejudice, etc., to the defendant, plaintiff's counsel concedes that not one of the five additional employees had ever complied with 29 U.S.C. § 626(d). They have, however, each consented in writing to being made an additional plaintiff.

Proposed plaintiff Montgomery was terminated about December 1, 1971. The other four proposed plaintiffs, Oye, Luca, Roach and Ekhammer, were discharged in about March of 1972. It thus is apparent on the face of the complaint and plaintiff's memoranda that in fact the claims of the five arise out of different discharges at different times from that of plaintiff Oshiro. The fact that their discharges were not discovered by the plaintiff until some several months after the instant suit was filed gives rise to the almost overwhelming inference that their discharges had no connection with plaintiff Oshiro's discharge.

None of the five proposed new plaintiffs has filed any claims with the State of Hawaii and, as indicated, none has filed a notice of intent to sue in compliance with § 626(d).

The motion to amend must be denied: (1) The showing made by plaintiff's attorney does not satisfy this

---

1. (d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice

occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

court that it was in fact timely; there is no indication of delay in filing because of oversight or inadvertent mistake. There is no question but that the joinder of new plaintiffs would create an entirely new law suit, and that it would necessitate extensive, new discovery procedures. (2) This court concludes that the failure of the proposed plaintiffs to comply with the requirements as to notice under § 626(d) preclude their joinder. The requirements of § 626(d) are jurisdictional.[2]

Plaintiff has argued that Burgett v. Cudahy, 361 F.Supp. 617 (D.Kansas 1973), permits his present amendment; that therein the court enlarged the jurisdictional requirements of § 626(d). However, the facts in *Burgett* are clearly to be distinguished from those of the instant case. In *Burgett*, all four plaintiffs were named in the original complaint. While the other three plaintiffs, Price, Egan and Walter were not named therein, in the notification made by Burgett under § 626(d), he indicated that "the circumstances of [his own] release and *of the other three gentlemen* at the same time strongly indicate discrimination", and concluded, "in the event that the Department of Labor might elect not to proceed against Cudahy, this is to provide notice that it is *our* intention to pursue a civil remedy [under 29 U.S.C. § 626]" (emphasis added). *Id.*, at 619. "[T]hey were all fired and rehired . . . at approximately the same time and *for ostensibly the same reasons* . . ." (emphasis added). *Id.*, at 622. All four "had previously communicated with the local Wage and Hour Office and . . . had participated in the Department of Labor's negotiations with Cudahy." *Id.*, at 625.

The *Burgett* court thereafter overruled the defendant's motion to dismiss

as to the three, apparently on the basis that "any other result would constitute a meaningless and intolerable triumph of form over substance inimical to the Act's remedial function." *Id.*, at 625. This court does not disagree with the ultimate result but does not adopt all of the *Burgett* court's rationale.[3]

As indicated above, the motion to amend and add additional plaintiffs is denied.

---

2. Burney v. North American Rockwell Corporation, 302 F.Supp. 86, 92 (C.D.Cal.1969).

3. It would appear to this court that the *Burgett* court did but bolster its decision with the additional conclusion that the three employees, other than Burgett, were entitled to ride piggyback with Burgett under the class

action provisions of 29 U.S.C. § 216(b), without complying with the specific condition of § 626(d). As indicated above, this court feels that the filing of a notice of intent to sue with the Secretary is a jurisdictional requirement, and would agree with *Burney*, *supra* n. 2, headnote 9, 302 F.Supp. at 88, 92.