**H. O. BROHL, Plaintiff,**

v.

**The SINGER COMPANY, d/b/a Singer Business Machines, Defendant.**

**No. 75–681–Civ–J–S.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Feb. 3, 1976.

Jere D. McWinn, Jacksonville, Fla., for plaintiff.

John B. Chandler, Jr., Jacksonville, Fla., for defendant.

## ORDER AND OPINION

CHARLES R. SCOTT, District Judge.

Plaintiff commenced this action on October 10, 1975, pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 *et seq.* He alleges that on or about January 31, 1974, he was involuntarily retired and terminated from defendant's employment because of plaintiff's age. Plaintiff was 58 years old. He further alleges that on or about June 10, 1975, he applied for reemployment with defendant, but was refused. On or about June 12, 1975, plaintiff filed a notice of intent to sue defendant, with the Secretary of the United States Department of Labor, as required by the statute.[1] Defendant filed a motion to

---

1. 29 U.S.C. Sec. 626(d) provides in part:

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

938

dismiss for lack of jurisdiction over the subject matter of the action, Fed.R. Civ.P. 12(b)(1).

 The statutory requirement of filing a notice with the Secretary of Labor of intent to commence suit, within 180 days from the alleged incident of discrimination, is a mandatory jurisdictional prerequisite. *Edwards v. Kaiser Aluminum & Chem. Sales, Inc.,* 515 F.2d 1195, 1199 (5th Cir. 1975); *Hiscott v. GE Co.,* 521 F.2d 632, 633–34 (6th Cir. 1975); *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485, 487–89 (5th Cir. 1974); *Oshiro v. Pan Amer. Airways, Inc.,* 378 F.Supp. 80, 82 (D.Haw.1974); *Burgett v. Cudahy Co.,* 361 F.Supp. 617, 621–22 (D.Kan.1973); *Gebhard v. GAF Corp.,* 59 F.R.D. 504, 507 (D.D.C.1973); *Price v. Maryland Cas. Co.,* 62 F.R.D. 614, 615 (S.D.Miss.1972); *Cochran v. Ortho Pharmaceutical Co.,* 376 F.Supp. 302, 303 (E.D.La.1971). Plaintiff commenced this action in October, 1975, nearly 22 months after he alleges that he was discriminatorily compelled to retire. The statutory jurisdictional prerequisite is integral to the scheme of initiating the Secretary's "informal methods of conciliation, conference, and persuasion," and of affording adequate time for those mediating methods to work without litigation. *Edwards v. Kaiser Aluminum & Chem. Sales, Inc., supra,* at 1198; *Powell v. Southwestern Bell Telephone Co., supra,* at 488. Having bypassed the statutory requirement, plaintiff is without jurisdiction to present his cause to the Court.

 Plaintiff alleges that defendant violated Sec. 627 of the statute[2] by failing to post in conspicuous places the Secretary's notices of information effectuating the act. Defendant's violation by itself, however, is insufficient to toll the running of the jurisdictional time-period. The "contention that equitable considerations may relieve an employee of the necessity of any compliance with Sec. 626" must be rejected. *Edwards v. Kaiser Aluminum & Chem. Sales, Inc.,* supra, at 1199. There is "nothing in the Act nor in its legislative history to indicate that compliance with the notice provision was intended to be tolled or excused by the employer's failure . . . to post the informational notices." *Hiscott v. GE Co., supra,* at 634.

The issue here, however, contains one more equitable factor. It is precisely the issue which the Fifth Circuit Court of Appeals expressly excluded from its decision in *Edwards v. Kaiser Aluminum & Chem. Sales, Inc., supra,* at 1198 and n. 6, because the additional factor here was missing in that case. The issue is nonetheless purely one of law: whether defendant's failure to post the required notices of information under the statute, and plaintiff's alleged unawareness of his rights under the statute until nearly 16 months after his termination, together constitute sufficient equitable considerations to toll the jurisdictional time-period's expiration, relieving plaintiff of his obligation to comply with Sec. 626.

The only reported decision to excuse a plaintiff's failure to file a timely notice with the Secretary of Labor was *Bishop v. Jelleff Associates,* 398 F.Supp. 579 (D.D.C.1974), where the court relied on both the employer's failure to post the notices required by Sec. 627, and the relative newness of the statute at that time. Both the Fifth and Sixth Circuits,

(1) within one hundred and eighty days after the alleged unlawful practice occurred, . . .

\* \* \* \* \* \*

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

2. 29 U.S.C. Sec. 627 provides:

Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

however, have rejected the *Bishop* decision and reasoning. *Edwards v. Kaiser Aluminum & Chem. Sales, Inc., supra,* at 1200; *Hiscott v. GE Co., supra,* at 634. The statute, enacted in 1967, was no longer relatively new by the end of January, 1974, when plaintiff was terminated. *See Edwards v. Kaiser Aluminum & Chem. Sales, Inc., supra,* at 1200. In addition, the jurisdictional language of the statute is unmistakably plain and unequivocal. *Hiscott v. GE Co., supra,* at 634; *Burgett v. Cudahy Co., supra,* at 621; *Cochran v. Ortho Pharmaceutical Co., supra,* at 303. Finally, there is not so much as a hint in the legislative history of the statute[3] that the jurisdictional prerequisite of Sec. 626 was intended in any way to be conditioned upon the employer's posting duty of Sec. 627.

Consequently, the Court holds that plaintiff's allegation that he was unaware of his rights for 16 months after his termination, even if true, together with defendant's violation of the Sec. 627 posting-of-notice requirement, do not as a matter of law supply the authority for the Court to invent an exception to the statute's clear jurisdictional requirement. The Court will not rewrite the statute in order to create jurisdiction. It is the responsibility of the Court to interpret and apply the law, *United States v. Nixon,* 418 U.S. 683, 703, 705, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Marbury v. Madison,* 5 U.S. 137, 1 Cranch 137, 177, 2 L.Ed. 60 (1803), not to rewrite it. Humanitarian and equitable arguments that would urge the Court to do virtually that are in the wrong forum. They should be addressed to the Congress that enacted the statute.

Plaintiff's last contention is that defendant's violation of the statute was a continuing one by virtue of his failure to rehire plaintiff when he applied for employment again in June, 1975. He argues that such a continuing violation should toll the statute's jurisdictional time period. The Sixth Circuit squarely confronted this claim, based upon an analogy to Title VII (42 U.S.C. Sec. 2000e *et seq.*), and rejected it, *Hiscott v. GE Co., supra,* at 635:

In these cases the critical factor in finding a continuing violation was not the initial layoff but the repeated refusal of the company to rehire the plaintiffs in accordance with their seniority rights as provided for in the collective bargaining agreement. It is not insisted here that the company was under any contractual obligation to rehire appellant after he had retired, whether he did so voluntarily or involuntarily.

Plaintiff makes no such claim here either. The Court finds the reasoning of the Sixth Circuit persuasive and holds that, in the absence of any allegation that defendant was contractually obligated to rehire plaintiff, there was no continuing violation of the statute, and therefore the expiration of its jurisdictional time-period was not tolled. The motion to dismiss for lack of jurisdiction must be granted, and it is so ordered.

Ordered:

1. Defendant's motion to dismiss is hereby granted.

2. This action is hereby dismissed for lack of jurisdiction.

---

3. *See United States Code Congressional and Admin. News,* 2213, 2222–23 (1967).