**Louis W. STANLEY, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a corporation, Defendant.**

**Civ. A. No. 75–C–166.**

United States District Court,
E. D. Wisconsin.

April 8, 1976.

Richard D. Riebel, Wauwatosa, Wis., for plaintiff.

George D. Cunningham, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The complaint in this case alleges a cause of action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The defendant has answered and moved for the entry of judgment on the pleadings. For the reasons hereinafter stated, that motion must be denied.

The complaint was filed on March 26, 1975, and alleges that "on or about February 1, 1971, the defendant laid off [the plaintiff] because of his age, and since that time has continuously refused to re-employ [the plaintiff] because of his age." The defendant's answer raises two issues which defendant maintains entitle it to judgment on the pleadings.

█ The first issue is presented by the requirement of timely notice set forth in 29 U.S.C. § 626(d):

"No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

   \*    \*    \*    \*    \*    \*

(2) \* \* \* within three hundred days after the alleged unlawful practice occurred \* \* \*."

Since the Secretary was notified by the plaintiff of his intent to file an action under the Act on December 7, 1974, defendant argues that the court lacks jurisdiction to consider any claim of the plaintiff arising prior to February 13, 1974. See *Gebhard v. GAF Corp.*, 59 F.R.D. 504, 507 (C.D.D.C. 1973); *Burgett v. Cudahy Co.*, 361 F.Supp. 617, 621–622 (D.Kan.1973); *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485, 487–488 (5th Cir. 1974).

The defendant's answer further asserts that plaintiff's claim is barred by the appli-

cable statute of limitations, 29 U.S.C. § 626(e), which incorporates by reference the following operative language of 29 U.S.C. § 255(a):

"* * * every such action shall be forever barred unless commenced within two years after the cause of action accrued * * *."

Defendant accordingly contends that no relief can be granted with respect to any claim of the plaintiff arising prior to March 27, 1973.

If the plaintiff's complaint alleged no more than a discriminatory discharge on February 1, 1971, defendant might well be entitled to judgment on the pleadings as a matter of law. Although it has been stated that "a defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under Rule 8(d) the allegations are deemed denied," 2A Moore's Federal Practice ¶ 12.15, at 2345 (2d ed. 1975), that proposition should perhaps be confined to allegations of fact and not of law.

But the plaintiff's complaint alleges more than just a discriminatory discharge. As previously noted, the complaint alleges that the defendant has "continuously refused to re-employ [the plaintiff] because of his age." This allegation is somewhat clarified in "Exhibit A" to plaintiff's complaint, which is a copy of a "Charge of Discrimination" filed with the Equal Rights Division of the Wisconsin Department of Industry, Labor and Human Relations. In response to a question which elicits an explanation of the details of the discrimination, plaintiff stated:

"February 1, 1971 complainant was laid-off not discharged * * *. Younger less qualified men were re-hired in the same capacity as the complainant. * * Since the layoff younger and less qualified hourly personnel have been promoted to complainant's classification * * *. Complainant has been denied call-back rights which have been exercised in favor of younger less qualified personnel in a like or similar classification to that of complainant."

A question might well be raised as to whether "Exhibit A" is a "written instrument" so that it may be considered as a part of the pleading for all purposes. See Rule 12(c), F.R.Civ.P. Be that as it may, the foregoing quotation is at least suggestive of the import of plaintiff's allegation that the defendant has continuously refused to re-employ him because of his age.

Liberally construed, plaintiff's complaint alleges what has come to be known as a "continuing violation." The essence of this concept is that in a lay off situation, employee recalls may in and of themselves violate various proscriptions against discrimination in employment. For example, an employer might lay off employees in a completely nondiscriminatory manner, but by way of selective recalls nevertheless achieve a proscribed discriminatory objective. The continuing violation doctrine provides a means for protection against such circumscriptive violations of employee rights.

The continuing violation doctrine has not often been discussed in the context of suits under the age discrimination act. See *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975). The doctrine has received greater development in cases arising under Title VII of the Civil Rights Act of 1964. See, e. g., *Cox v. United States Gypsum Co.*, 409 F.2d 289 (7th Cir. 1969); *Moore v. Sunbeam Corp.*, 459 F.2d 811 (7th Cir. 1972). For purposes of this decision, the Court can assume that the dimensions of the continuing violation doctrine are the same in suits arising under either statute.

The defendant asserts that the plaintiff's complaint inadequately alleges a continuing violation, and thus that the complaint must be treated as alleging only a discriminatory discharge. The Court, however, finds the defendant's position unacceptable. Liberal construction of pleadings is the norm under the Federal Rules of Civil Procedure. While the plaintiff's complaint is less than explicit, the Court concludes that it sufficiently alleges a continuing violation to enable it to withstand a motion for judgment on the pleadings.

This is particularly true in employment discrimination cases where the task of determining the facts underlying a claim of a continuing violation must of necessity be accomplished by means of discovery of employment records which are within the exclusive control of the defendant. Here, the defendant has requested an enlargement of time in which to answer plaintiff's interrogatories until after the Court has ruled on the motion for judgment on the pleadings. It would be unfair and unrealistic to expect the plaintiff to supplement his charge of a continuing violation with greater factual particularity before any discovery has occurred.

The issues raised by defendant's motion for judgment on the pleadings are not insubstantial, and the Court notes that sufficiency of pleading is not synonymous with sufficiency of proof. In its briefs, defendant has suggested that the plaintiff did not have any right to be rehired subsequent to his lay off, and that the lay off in question was merely a euphemism for a discharge. Defendant has also submitted affidavits and exhibits which seem to indicate that the plaintiff waived any right to be rehired.

If either of these assertions are true, the allegation of a continuing violation with respect to rehiring might well be disproved, and the plaintiff's remaining. claim of an improper discharge would be time barred. Although Rule 12(c) indicates that a motion for judgment on the pleadings can be transformed into a Rule 56 motion for summary judgment if matters are presented to and not excluded by the court, this can only be done where opposing parties have been given a reasonable opportunity to. present materials outside of the pleadings in response. The plaintiff has not presented material in response to the defendant's affidavits, in part no doubt because of the defendant's erroneous assertion that such materials can be considered by the Court in passing on a motion for judgment on the pleadings. As previously noted, this the court cannot do without transforming the motion into one brought under Rule 56, and then only after other parties have been given an opportunity to respond. Moreover, under the circumstances of this case, it can well be said that the plaintiff is without a reasonable opportunity to respond where no discovery has taken place.

This Court has accordingly treated defendant's motion solely as one for judgment on the pleadings, and has denied that motion solely on the basis of an examination of the pleadings. It would thus be improper to infer from the court's decision any indication that the defenses raised in the answer would not be successful if raised in the context of a sufficiently developed factual record. The Court today holds only that such defenses cannot be adjudicated solely on the basis of the pleadings.

IT IS THEREFORE ORDERED that defendant's motion for judgment on the pleadings is denied.

IT IS FURTHER ORDERED that the defendant shall answer plaintiff's first set of interrogatories dated June 27, 1975, within 30 days of the filing date of this order.