**Robert L. GRAY, et al., Plaintiffs,**

v.

**PHILLIPS PETROLEUM COMPANY, Defendant.**

**James L. ANSON, et al., Plaintiffs,**

v.

**PHILLIPS PETROLEUM COMPANY, Defendant.**

Civ. A. Nos. 84–2107–S, 84–2295–S.

United States District Court, D. Kansas.

June 19, 1986.

John H. Fields, Carson, Fields, Asner & Carson, Kansas City, Kan., for plaintiffs.

Carol Fowler, Shook, Hardy & Bacon, Overland Park, Kan., James H. Ottman, Sam L. Colville, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Phillips Petroleum Company's motion for summary judgment. This action was brought under the Age Discrimination in Employment Act [hereinafter ADEA], 29 U.S.C. § 621, *et seq.*, by thirty individual plaintiffs in two separate lawsuits. Plaintiffs are alleging a systematic pattern and practice of age discrimination in the administration of defendant's transfer, reassignment and layoff policy during the closure of defendant's Kansas City, Kansas Phillips Refinery. For purposes of the summary judgment, the following facts are uncontroverted:

1. The Kansas City, Kansas Phillips Refinery closed on August 31, 1982. The plaintiffs received wages and the transfer and reassignment and layoff policy was in effect until September 9, 1982.

2. Plaintiffs' employment with Phillips Petroleum Company was terminated on August 31, 1982. Plaintiffs were paid through September 9, 1982.

3. Plaintiffs last physically worked at the Phillips Refinery on August 31, 1982.

4. Notice of employees' rights under the ADEA was posted at various locations throughout the Phillips Kansas City, Kansas Refinery.

5. Several plaintiffs, including Robert Gray and Patrick McNellis, attended a meeting held at plaintiff Chester Martinson's house in August of 1982, prior to the closing of the Refinery.

6. The subject of filing an age discrimination lawsuit in conjunction with the closing of the Refinery was discussed at the meeting in Mr. Martinson's house in August of 1982.

7. An Equal Employment Opportunity Commission [hereinafter EEOC] official, Marvin Downie, attended this meeting.

8. Mr. Downie explained to plaintiffs the EEOC procedures for filing an age discrimination charge.

9. The 180–day time limit was specifically discussed with the employees who attended the meeting.

10. Following the meeting at Chester Martinson's house, initial steps were taken with regard to filing a discrimination charge.

11. Robert Gray, Patrick McNellis, Paul Babcock, Melvin DeWeese, Chester Martinson and Joseph Stanley were recognized by other Phillips employees as the persons who organized the effort to file the charge of age discrimination with the EEOC.

12. A meeting of former Phillips Refinery employees was held on or about February 8, 1983, at Arrowhead State Bank in Kansas City, Kansas.

13. The 180–day time limitation was discussed at this meeting.

14. Robert Gray, Patrick Walsh, and Patrick McNellis met with EEOC officials on February 23, 1983, to discuss filing a charge of age discrimination against Phillips.

15. A majority of the plaintiffs filed charges of discrimination with the EEOC on March 2, 1983. Plaintiff Gray filed a charge of discrimination with the EEOC on August 31, 1982. Walsh filed a charge of discrimination with the EEOC on October 15, 1982, charging discrimination in application of defendant's transfer, reassignment and layoff policy.

## CONCLUSIONS OF LAW

Defendant has filed this motion for summary judgment on numerous grounds. First, defendant alleges that plaintiffs did not file their EEOC charge within the 180–day statutory limitation for filing such a charge. The defendant therefore contends that plaintiffs' action is time-barred and summary judgment should therefore be granted.

To rule favorably on a motion for summary judgment, the court must first determine that the matters considered in connection with the motion disclose "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The principal inquiry is therefore whether a genuine issue of material fact exists. *Dalke v. The Upjohn Co.*, 555 F.2d 245 (9th Cir.1977); *Hanke v. Global Van Lines, Inc.*, 533 F.2d 396 (8th Cir.1976). A motion under Rule 56 will be denied unless the movant demonstrates beyond doubt that he is entitled to a favorable ruling. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (10th Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33 (10th Cir.1975). Pleadings and documentary evidence are to be construed liberally in favor of a party opposing a Rule 56 motion. *Harman v. Diversified Medical Investments Corp.*, 488 F.2d 111 (10th Cir.1973), *cert. denied* 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). However, once a summary judgment motion has been properly supported, the opposing party may not rest on the allegations of the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Coleman v. Darden*, 595 F.2d 533, 536 (10th Cir.), *cert. denied* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979). A party with evidence tending to create a factual issue must present that evidence to the trial judge or summary judgment is proper. *Otteson v. United States*, 622 F.2d 516, 520 (10th Cir. 1980).

The Age Discrimination in Employment Act, 29 U.S.C. § 626(d), provides in part:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—

(1) within 180–days after the alleged unlawful practice occurred....

Compliance with this provision is a prerequisite to bringing suit under the ADEA. The dispute in this case involves whether the 180–day time limit begins to run on August 31, 1982, or September 9, 1982, the last date on which plaintiffs received wages.

The court finds that the decision in *Wilkerson v. Siegfried Insurance Agency, Inc.*, 621 F.2d 1042, 1044 (10th Cir.1980) conclusively holds that the alleged unlawful discrimination will be deemed the employees' last day of work, notwithstanding the employees' receipt of certain employee benefits. The court stated that "[a deci-

sion] to the contrary, ... would penalize a company for giving severance pay or other extended benefits after the employment relationship has in fact ended." *Id.* at 1044 (citing *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187 (3rd Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978)). The court also cited the decision of *Greene v. Carter Carburetor Company,* 532 F.2d 125 (8th Cir.1976) for its holding that the fact that a discharged employee continued on the payroll did not mean that he was discharged until he was actually separated from the payroll, and held that the earlier date of actual discharge triggers the commencement of the time period within which discrimination charges must be filed. In this case, all of plaintiffs' depositions make clear that the Phillips Refinery closed on August 31, 1982. Thus, the court finds that the 180–day time limit began to run on August 31, 1982. The court further finds that the only plaintiffs who filed a charge of discrimination with the EEOC within the 180–day time limitation were plaintiff Gray who filed on August 31, 1982, and plaintiff Walsh who filed a charge of discrimination with the EEOC on October 15, 1982.

Plaintiffs argue that even if the court finds that the required filing of the charge of discrimination was not done within the 180–days after the alleged discriminatory practice occurred, equitable limitations of the rule support a finding that plaintiffs' claims are not barred. See *Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir.1976), *aff'd per curiam,* 434 U.S. 99, 98 S.Ct 600, 54 L.Ed.2d 270 (1977). The question which must next be addressed is whether there is a genuine issue of fact with respect to the equitable tolling in this case. In *Carlile v. South Routt School District RE 3–J,* 652 F.2d 981 (10th Cir.1981), the court noted a notice of intent to sue is "jurisdictional, subject to *potential,* equitable tolling...." *Id.* at 985 (emphasis in original). It appears:

> Tolling might be appropriate only where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some ex-

traordinary way been prevented from asserting his rights, or has raised the precise statutory claim and issue but has mistakenly done so in the wrong forum. *Id.* at 985 (quoting *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109 (2nd Cir.1978)).

■ Plaintiffs argue that the time limitation should be equitably tolled because of the uncertainty of the plaintiffs' status. Plaintiffs contend that although plaintiffs knew that they were not working for Phillips Refinery after August 31, 1982, they were unsure of their ultimate status because the transfer, reassignment and layoff policy was to be in effect until September 9, 1982. The court finds that the record is uncontroverted that all plaintiffs were aware that the plant was closing on August 31, 1982. The court finds that there are no allegations that the defendant misled the plaintiffs as to future expectations in employment. It was quite clear that the Phillips Refinery in Kansas City, Kansas would no longer be in operation and that all jobs at that plant would be terminated as of August 31. The court finds that it cannot agree with the plaintiffs that they have established or raised facts sufficient to establish equitable tolling, even accepting the facts that plaintiffs have put forward as true.

It is clear that notices were sent to all employees as to the final closing date of the Phillips Refinery in Kansas City, Kansas. The affidavit of Mr. Blakemore also establishes that notices containing the information concerning the 180–day time limitation for filing a charge were hung in the Kansas City, Kansas plant. Downie's affidavit also verifies the fact that he discussed the statutory filing limitation of the ADEA with the plaintiffs in August, 1982. Plaintiffs have not alleged any misrepresentation by defendant as to his rights under the ADEA or the time limit for filing a charge. Nor do plaintiffs allege any misrepresentation as to the facts surrounding their discharge.

Plaintiffs also contend that defendant should be estopped from asserting the claim that plaintiffs failed to timely file their charge of discrimination because of defendant's policy held out to its employees that they would continue in their employment beyond the closure of the refinery. The court finds no facts that establish that defendant made any such representations. While the court recognizes that some of the plaintiffs did remain on the job after August 31, 1982, all plaintiffs' depositions made clear that the plaintiffs realized they were no longer working for Phillips Petroleum, rather their employer was Leavenworth Steel. The court therefore finds that there should be no equitable tolling of the 180–day filing requirement.

The plaintiffs also claim that the filing requirement has been complied with by the fact that one named-plaintiff satisfied the 180–day filing limitation. The plaintiffs direct the court's attention to plaintiff Gray's charge of discrimination filed on August 31, 1982, and to plaintiff Walsh's complaint filed October 15, 1982. Plaintiffs argue that these cases present representative claims and since they have filed timely charges of discrimination, the court should find that all plaintiffs have satisfied the filing limitation. Defendant disagrees with the plaintiffs' argument, stating that the charges of Gray and Walsh are not representative of the claims of the plaintiffs. The defendant further distinguishes the decision cited by the plaintiffs, *Mistretta v. Sandia Corp.*, 639 F.2d 588, 593–95 (10th Cir.1980) and *Burgett v. Cudahy Co.*, 361 F.Supp. 617 (D.Kan.1973). Defendant contends that *Mistretta* and *Burgett* are inapposite because the charges filed in those cases alerted both the EEOC and the employer to the alleged widespread discriminatory conduct as opposed to the alleged particularized discriminatory action charged in this case.

After a review of the charges filed by plaintiffs Gray and Walsh, the court finds that the filings by Gray and Walsh are properly representative of the plaintiffs who are similarly situated, who

had not filed notice within the 180–day statutory limitation. The court finds that the purpose of a notice requirement is adequately served if only one class member gives the EEOC an opportunity to investigate the claim. The employer also becomes aware of the existence of the complaint and has a chance to remedy the situation. *Locascio v. Teletype Corporation,* 74 F.R.D. 108, (N.D.Ill.1977). In *Mistretta v. Sandia Corporation,* 639 F.2d 588, 593 (1980), the court cited the case of *Bean v. Crocker National Bank,* 600 F.2d 754 (9th Cir.1979). In that case, the Ninth Circuit found that where employees consent to join an action which has been filed on behalf of similarly-situated employees and a timely notice has been given for the group, individual notices need not be given. *Id.* In the concurring opinion in *Evans,* Justice Blackman noted that the ADEA is a "'remedial statute that is to be liberally construed' and suggested that it should be read in such a manner as to 'give full recognition to that remedial character.'" *Oscar Meyer & Co. v. Evans,* 441 U.S. 750, 765–66, 99 S.Ct. 2066, 2076, 60 L.Ed.2d 609 (1979). The ADEA's broad remedial purposes of prohibiting arbitrary age discrimination and of promoting the employment of older persons based on their ability rather than age are best served by an interpretation of 29 U.S.C. § 216(b), that permits similarly-situated complainants to join in an action as unnamed parties, so long as a named-plaintiff has complied with the notice requirements of 29 U.S.C. § 626(d). *Bean,* 600 F.2d at 759.

The court finds that while the court agrees with the defendant that the facts in *Mistretta* and *Burgett* can be distinguished from the case at hand, the reasoning persuades this court to find that plaintiffs have adequately satisfied the jurisdictional requirement of the ADEA. The court recognizes that the decisions in *Mistretta* and *Burgett* can be distinguished in the fact that in both *Burgett* and *Mistretta,* the plaintiff who did comply with the filing requirements gave notice of a practice against a class of individuals intended to be protected by the Act.

The court finds while the complaints filed by Gray and Walsh did not specifically state such a discriminatory practice or adverse effect on a number of employees, certainly the EEOC was given notice of the termination, layoff and transfer policy of the defendant, and the defendant was given notice of the possible effect that policy had over the older employees in the Kansas City, Kansas plant. The court finds that these complaints afforded the employer with adequate opportunity to voluntarily comply with the ADEA's mandates. The court stated in *Burgett:* "Any other result would constitute a meaningless and intolerable triumph of form over substance inimical to the Act's remedial function." *Id.* at 625. The court therefore finds that defendant's motion for summary judgment on the grounds that plaintiffs have not complied with the filing requirements as mandated by 29 U.S.C. § 621, *et seq.*, should be denied.

IT IS BY THE COURT THEREFORE ORDERED that defendant Phillips Petroleum Company's motion for summary judgment for plaintiffs' failure to file charges of discrimination within the 180–day statutory limitation is hereby denied.